# HUTCHINS v. MUNN.

## APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 163.    Argued March 10, 1908.—Decided March 23, 1908.

The measure of protection to be given by the undertaking required on issuing a restraining order under § 718, Rev. Stat., is to make good the injuries inflicted upon a party observing the order until it is dissolved, and such undertaking inures to the benefit of a defendant suffering injuries irrespective of the exact time when that party has knowledge of the pendency of the action or appears therein; nor is this protection denied because the only defendant sustaining injuries is a woman and the undertaking is to make good "to the defendant all damages by him suffered."

Findings of an auditor assessing damages on an undertaking should not be set aside by the court unless there has been an error of law or a conclusion of fact unwarranted by the evidence.

The owner of a house in Washington, D. C., who was prevented by a restraining order from completing alterations during the winter months, the house meanwhile being only partially habitable, was held, in this case, to have lost the entire use of the house and to be entitled to recover on the undertaking the reasonable rental value of the house for the season.

28 App. D. C. 271, affirmed.

THE facts are stated in the opinion.

*Mr. Edwin C. Brandenburg*, with whom *Mr. Clarence A. Brandenburg* and *Mr. F. Walter Brandenburg* were on the brief, for appellants.

*Mr. Samuel Maddox*, with whom *Mr. H. Prescott Gatley* was on the brief, for appellee.

MR. JUSTICE MOODY delivered the opinion of the court.

This is an appeal from a judgment of the Court of Appeals of the District of Columbia. The appellee Carrie L. Munn was

the owner of a lot of land, with a dwelling house thereon, situated on Massachusetts avenue, in the city of Washington. The premises adjoining this lot were owned by Stilson Hutchins, one of the appellants. Mrs. Munn's dwelling house did not occupy the whole of her lot, and she decided to build an addition to it. She contracted with an architect and builder to design and construct this addition. The work under these contracts was begun about July 1, 1902, and it was expected that it would be completed about November 1, 1902, so that the enlarged structure would be ready for occupation during the season of 1902 and 1903. After making the contracts Mrs. Munn went to Europe with her family, intending to return and occupy the house on its completion in November. On August 14, 1902, Mr. Hutchins filed a bill in equity in the Supreme Court of the District of Columbia, praying an injunction against the continuance of the erection of the addition. Mrs. Munn, her husband, the architect, and the builder were made parties defendant. The grounds upon which the injunction was sought are not material here. On the day of the filing of the bill a justice of the Supreme Court of the District entered an order that the defendants show cause, on September 4 next, why the prayer for an injunction should not be granted, and further ordered that, until the hearing, the defendants be "restrained and enjoined from continuing the erection of the building." On the same day Mr. Hutchins, with the other appellants as sureties, filed an undertaking, approved by the court, which is as follows: "Stilson Hutchins, the complainant, and William J. Dante, Ben B. Bradford, sureties, hereby undertake to make good to the defendant all damages by him suffered or sustained by reason of wrongfully and inequitably suing out the injunction in the above-entitled cause, and stipulate that the damages may be ascertained in such manner as the justice shall direct, and that, on dissolving the injunction, he may give judgment thereon against the principal and sureties for said damages in the decree itself dissolving the injunction." Thereupon the work on the addition was suspended and not resumed until

November 25, 1902, when, upon hearing, the court dissolved the injunction and discharged the order to show cause. The work was then continued until its completion in April, 1903. Subsequently the decree of November 25, 1902, was affirmed by the Court of Appeals, and the cause was referred to an auditor to ascertain the damages caused to the defendants, or any of them, by the wrongful suing out of the injunction. The auditor reported that Mrs. Munn had sustained damages to the amount of six thousand dollars, and that the other defendants had sustained no damage. Exceptions to the auditor's report were overruled by the Supreme Court, and the appellants were decreed to pay to Mrs. Munn, in accordance with the terms of the undertaking, the sum found by the auditor as damages. This decree was affirmed by the Court of Appeals in the judgment now under review.

It is contended that the undertaking does not, by its terms, include Mrs. Munn in its protection, because it is expressed to be an undertaking "to make good to the *defendant* all damages by *him* suffered." Little pains need be expended on the argument which arises out of the letter of the bond. The undertaking was exacted by the court, it was offered by the complainant at a time when none of the defendants knew of the pendency of the suit, and it was entitled "No. 23468 Equity Docket, Stilson Hutchins, Complainant, Charles A. Munn et al., Defendants." It accompanied a restraining order directed against "the defendants and each of them," and we think it should be held to run to all the defendants who were included in that order.

It is further contended that, as Mrs. Munn was never served with a subpœna, or notice either of the order to show cause or of the restraining order, she is not entitled to the benefits of the undertaking. The order of the court was served immediately upon the architect and the builder, and the work was instantly stopped. No injury from the wrongful acts of the injunction was inflicted upon either of the defendants served with the court's order, but only upon the owner of the house. It is now

said that, although the court had, as a condition of issuing the restraining order, exacted an undertaking to indemnify her, she cannot recover upon it, because she was beyond the reach of the process of the court. But this view is based upon a misconception of a restraining order and the undertaking to make good the injury resulting from its wrongful use. The nature of the order and undertaking received the consideration of this court in *Houghton* v. *Meyer*, 208 U. S. 149. The authority for the issue of such an order was shown to be § 718 of the Revised Statutes. This section contemplates, in cases where irreparable injury may be anticipated if the *status quo* be not preserved, the issue without notice of a temporary restraining order, to be enforced only until an order to show cause on the motion for an injunction can be heard and decided. The order may be granted with or without security to the defendants, in the discretion of the court. In the case at bar the order accomplished its purpose and instantly arrested the progress of the work by restraining those who were engaged in it. The injury against which the undertaking was designed to indemnify was incurred by Mrs. Munn, and we find nothing in the facts of this case which takes away the remedy on the undertaking exacted by the court for her protection. It is true that she did not learn of the issue of the restraining order for two weeks. But counsel, though without express authority, undertook to guard her interests, and moved to discharge the order on August 17. With all reasonable speed authority to file an answer was obtained and acted upon, the cause was heard and the restraining order dissolved. In the meantime the restraining order was obeyed by all, had its full effect, and inflicted its full injury upon Mrs. Munn's rights. Under these circumstances it is beyond doubt that she is entitled to recover against those who undertook to make good her injuries, the damages which she sustained. It is enough that the order was obtained without notice to her, that it was wrongfully sued out, that it was observed until dissolved, and that it inflicted injury upon her rights. These facts, irrespective of the exact time when she

had knowledge of the pendency of the suit or appeared in it, bring her within the terms of the undertaking. That is precisely the measure of protection which the law ought to give, and by the statute does give, to one against whom, without notice and hearing, an order of this kind is made.

The appellants alleged various exceptions to the auditor's report, which are directed to the findings of facts, upon which the liability was based and of the amount of damages, and here, apparently, argue those exceptions on the theory that this court is at liberty to consider the evidence *de novo*, weigh and balance it, and draw such inferences and conclusions as seem proper. But this theory overlooks the proper function of an auditor, which was correctly appreciated by the court below. The findings should not be set aside unless it is shown that there has been an error in law or a conclusion of fact unwarranted by the evidence. It is enough to say that there was evidence which supported the findings of fact of the auditor and his assessment of damages. Nor does it appear that the auditor committed any error of law. His report shows the following facts, briefly stated: It was the habit of Mrs. Munn to occupy her house during the late autumn, the winter and the early spring, and to live elsewhere during the remainder of the year. This was the common season of occupancy in Washington of houses of this character. She intended to occupy her house during the season of 1902 and 1903, but was prevented from doing so by the wrongful use of the restraining order. The addition which, if the work had not been stopped, would have been completed by November 1, was not completed until April, and could not have been completed, if reasonable speed had been used, before March. In the meantime the house, some of whose exterior walls had been removed, was practically uninhabitable. Shelter could doubtless have been found in some of the rooms which could have been closed and warmed. But the owner was entitled to a house which could be occupied as a whole and was available for use as a home for herself and her family. This was denied to her by the defendants' wrongful act. We

think that the auditor correctly adopted as the measure of damages the value of the use of the property for the period and season during which she was thus deprived of it as the direct result of the restraining order which, in another proceeding, has been found to have been wrongfully and inequitably sued out. The decree of the court below is

*Affirmed.*