## McGRATH v. McGRATH et al.

(Court of Appeals of District of Columbia. Submitted February 16, 1925. Decided March 2, 1925.)

No. 4162.

1. **Partnership ⊜208(1)—Partner's claim of beneficial ownership of garnished interest of another partner held not to divest garnished partner of legal status as such.**

Where partner's distributive share of proceeds of partnership in hands of receiver was garnished, and sworn answer to previous bill for dissolution set forth such partner's interest and claim to distributive share of proceeds, and partner again claimed an interest on petition for partial distribution, claim by another partner, brother of garnished partner, that he (brother) was beneficial owner of interest, *held* insufficient to divest garnished partner of legal status as such.

2. **Partnership ⊜34—Partner held estopped to deny that he was owner of interest claimed by him for purpose of defeating garnishment thereof.**

One who held himself out as partner, and participated in business of partnership and in settlement and distribution of its assets, *held* estopped to deny that he owns interest formerly claimed by him, for purpose of defeating garnishment of such interest.

3. **Partnership ⊜34—Partner held estopped to claim beneficial ownership of interest in partnership ostensibly owned by his brother.**

Partner *held* estopped to assert beneficial ownership of interest in partnership ostensibly owned by his brother, after garnishment of such interest by judgment creditor of brother.

4. **Appeal and error ⊜1022(1)—Order confirming auditor's report in dissolution proceedings will not be set aside, except for obvious error.**

In proceedings for appointment of receiver and dissolution of partnership, Court of Appeals not warranted in setting aside order confirming auditor's report, in absence of obvious error or mistake therein.

Appeal from Supreme Court of the District of Columbia.

Suit by Archie M. Murray, Joseph P. Roberts, and Earl Ahmay against Joseph

Adams, Maurice P. McGrath, and Gerald G. McGrath for dissolution of a partnership known as the Adams Home Building Company, and for appointment of receiver, wherein Archie M. Murray, as judgment creditor of Gerald G. McGrath, after filing of petition for partial distribution of partnership funds, filed an intervening petition for directions to receiver to pay him any sum, up to $500 and costs, due to Gerald G. McGrath, and caused writ of garnishment to be served on the receiver, attaching any credits due G. G. McGrath, and wherein M. P. McGrath filed an intervening petition, claiming beneficial ownership of the garnished partner's interest. From a judgment directing the receiver to pay to attorneys for Archie M. Murray any moneys due G. G. McGrath, up to and including $500, with interest and costs, Maurice P. McGrath appeals. Affirmed.

H. P. Long, of Washington, D. C., for appellant.

G. L. Munter, J. L. Smith, and J. M. Chamberlin, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here on appeal from a decree of the Supreme Court of the District of Columbia, directing the receiver of the Adams Home Building Company, a copartnership, to pay Archer, Chamberlin & Smith, attorneys for A. M. Murray, out of the assets of the said partnership, due to one Gerald G. McGrath, the sum of $500 in satisfaction of a certain judgment on the law side of said court.

It appears that on February 22, 1923, A. M. Murray, Joseph P. Roberts, and Earl Ahmay filed a suit in equity against Joseph Adams, Maurice P. McGrath, and his brother, Gerald G. McGrath, for the dissolution of the then existing partnership known as "Adams Home Building Company," and the appointment of a receiver. A receiver was duly appointed, and shortly thereafter trouble arose between Gerald G. McGrath and Murray, resulting in an assault by McGrath upon Murray, for which Murray secured a judgment against McGrath in damages in the sum of $500. Thereafter the defendants filed in the equity cause a petition for partial distribution of the partnership funds. Accordingly Murray caused a writ of garnishment to be served on the receiver, attaching any credits due Gerald McGrath. When the receiver had been served with process in the

garnishment proceedings, appellant, Maurice McGrath, filed an intervening petition, setting forth that Gerald McGrath was not a partner, and that any moneys due him from the partnership belonged to the appellant.

The cause was referred to the auditor for the Supreme Court of the District of Columbia to state an account between the partners, and, upon further reference, the auditor was required to determine whether Maurice McGrath or his brother, Gerald McGrath, was the true owner of the interest in the partnership assets credited to Gerald McGrath. The auditor filed his report, stating an account, in which he denied the claim of appellant, Maurice McGrath, holding that the brother, Gerald, was a partner, and as such entitled to his share in the distribution of the partnership funds.

Whereupon Murray filed an intervening petition for directions to the receiver to pay to the petitioner any sum up to $500 and costs, found due Gerald McGrath, in satisfaction of the judgment for damages. On hearing, the court granted the petition and directed the receiver to pay the attorneys for Murray any moneys due Gerald McGrath, up to and including the sum of $500, with interest and costs. From this judgment the case comes here on appeal.

[1-3] It appears that, up to the time judgment was obtained in the municipal court, appellant made no claim that his brother, Gerald McGrath, was not a member of the partnership. On the contrary, in their sworn answer to the original bill for dissolution of the partnership, the claim of Gerald McGrath to a distributive share in the proceeds of the partnership, as well as his interest in the partnership, were fully set forth. In defendant's petition for partial distribution, filed on May 29, 1923, Gerald again set up his claim as a partner, and alleged that he had already withdrawn a portion of his invested capital. We think, therefore, that the claim of appellant, Maurice McGrath, that he put into the partnership the sum of $1,250 for his brother, Gerald, and signed his brother's name to the agreement of partnership, is not sufficient to divest Gerald of the legal status of a partner in the concern. Until the attempt was made by Murray to enforce his judgment, Gerald asserted his interest in the partnership, and was held out by Maurice to be a partner in the concern, and to have a full equal interest in the distribution of the assets. Having thus been held out to be a partner, and having participated in the business of the concern, and in the settlement and distribution

of its assets, he is now estopped to deny partnership for the mere purpose of avoiding the enforcement of a lawful judgment against him, and his brother, Maurice, has likewise estopped himself to assert ownership of the interest, ostensibly owned by his brother, to the prejudice of the brother's creditors.

[4] Without stopping to review the auditor's report, it is sufficient that we find no obvious error or mistake therein, and in the absence of such finding we would not be justified in setting aside the order of confirmation. Nash v. Milford, 33 App. D. C. 149; Hutchins v. Munn, 209 U. S. 246, 28 S. Ct. 504, 52 L. Ed. 776.

The judgment is affirmed, with costs.