**CARROLL et al. v. MOEBS.**

Court of Appeals of District of Columbia.

Submitted December 10, 1926.

Decided April 4, 1927.

No. 4445.

1. Partnership ⬤➡342—In suit to settle partnership, findings of special master are presumptively, but not conclusively, correct.

In suit for settlement of alleged partnership, findings of special master are to be accepted as presumptively, but not conclusively, correct.

2. Partnership ⬤➡322—In suit to settle partnership, involving title to property claimed by another partnership, of which defendant was member, other member of such second partnership was not necessary party defendant.

In suit to settle alleged partnership for improvement and sale of building sites, where partnership's title to particular property claimed to constitute the property of another partnership composed of defendant and his brother was in issue, held, defendant's brother, member of such second partnership, was not a necessary party defendant.

3. Appeal and error ⬤➡187(3)—In suit to settle partnership, objection that necessary party defendant was lacking held too late on appeal.

In suit to settle partnership, objection that member of another partnership claiming title to certain property was a necessary party defendant held made too late on appeal.

Appeal from the Supreme Court of the District of Columbia.

Action by Joseph J. Moebs against Harry R. Carroll and another. Decree for plaintiff, and defendants appeal. Decree modified in part, and affirmed in part, and cause remanded.

J. S. Easby-Smith, R. B. Fleharty, and G. P. Hoover, all of Washington, D. C., for appellants.

C. F. Carusi, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. Joseph J. Moebs, as plaintiff, brought suit below for the settlement of an alleged partnership existing between himself and the defendant Harry R. Carroll in relation to certain real estate ventures undertaken by them in the District of Columbia. The defendant's wife was made codefendant, because of her interest in some of the properties.

The plaintiff was an architect and builder, and the defendant a dealer in electrical supplies and equipment, and plaintiff claims that some time in the fall of 1912 they entered into a parol agreement of partnership, the common undertaking of which was for an indeterminate period, and contemplated the selection and purchase of suitable building sites and the erection thereon of residences, apartment houses, business properties, or other structures; that plaintiff was to prepare the plans and erect the buildings, and defendant was to find the capital for the enterprises; that the properties were to be sold when completed, and the net proceeds remaining after the payment of all expenses were to be equally divided between them.

Plaintiff alleges that, pursuant to this agreement, defendant and himself, in the course of the years 1913, 1914, and 1915, purchased five separate properties, to wit, 1514 S street, 1736–38 T street, 1318 Q street, 1215 Tenth street, and 714 Twelfth street, in the city of Washington, the first four being unimproved lots, upon which they erected new buildings, and the last being improved property, which they remodeled and further improved; that the legal title to the several properties was taken in the name of Mrs. Carroll, the codefendant, either to secure her for money advanced by her, or as a convenience for the partners, she holding the legal title as trustee in equity for them; that none of the properties had been

·sold, except that the Q. street property was transferred as part payment of the Twelfth street property when it was acquired, the title to the others still standing in Mrs. Carroll's name; that the rents therefrom were collected by her except that the Twelfth street property has been occupied as the business location of the Carroll Electric Company, of which the defendant is managing partner. Plaintiff alleges that differences have arisen between the partners, and prays for an accounting, for the sale of the properties and a division of the net proceeds, and for all general relief.

The defendant answered, denying the existence of any general partnership arrangement between the parties, but admitting that in the course of separate or independent transactions they had jointly acquired the S, T, and Tenth street properties, and that the legal title thereto was held in the name of Mrs. Carroll as security for advances made by her, and subject thereto in trust for plaintiff and defendant, and defendant consented that these properties should be sold and an accounting be had in respect to them. But defendant denied that plaintiff ever possessed any interest or share in either the Q street or the Twelfth street property. Defendant also prayed for an accounting and for general relief.

The lower court thereupon appointed a special master, with directions to take and hear all of the testimony to be submitted by the parties in the cause, and in stating the accounts between the parties to report his findings of fact and conclusions of law on the issues raised by the pleadings. A trustee also was appointed, who made sale under the court's orders of the S street, T street, and Tenth street properties, and their proceeds were brought into court for distribution.

The special master, in obedience to the court's orders, took testimony and filed a report, wherein he sustained the plaintiff's claim to an equal partnership interest as claimed by him in all of the described properties, including those on Q street and Twelfth street; the Q street property, however, having passed into the Twelfth street property by transfer as aforesaid. The special master also found and stated an account between the partners, and the lower court, over the objections and exceptions of defendant, confirmed the report, except for minor adjustments in certain amounts. The court appointed trustees to make sale under its orders of the Twelfth street property, and found, adjudged, and decreed that there was due and owing to·plaintiff from defendant the net sum ·of $18,710.48, as of the 30th day of April, 1925, on account of plaintiff's share of the partnership assets. The defendant was decreed to pay this sum to plaintiff, together with interest at 6 per cent. per annum from and after April 30, 1925, and plaintiff was given a lien therefor upon the share of defendant in the property decreed to be sold. The court also ordered that the partnership be dissolved. Whereupon the defendant appealed to this court.

The appellant first complains that the lower court erroneously held that the report of the special master was conclusive and unassailable, and that the court was not called upon to weigh the evidence as upon a hearing in open court; also that the lower court erred in failing to rule specifically upon each and every of the exceptions of the defendant to the report of the special master.

We do not think that the record bears the interpretation thus placed upon it. It is true that the lower court quoted from the language of the Supreme Court in Davis v. Swartz, 155 U. S. 631, 13 S. Ct. 237, 39 L. Ed. 289, wherein the findings of a special master, based upon conflicting evidence, were spoken of as "unassailable"; but it is manifest that in the instant case the lower court did not regard the report of the special master as conclusive, but in fact reviewed and considered it upon the evidence. In the opinion rendered by the court it is said: "Some of the points argued will not be mentioned, for they are met by the general statement that the findings complained of are supported substantially by the evidence." The court also held that there was evidence to support the finding of a partnership between plaintiff and defendant in all the properties in question.

[1] As we interpret the lower court's ruling, it proceeded upon the correct theory that the findings of the special master were to be accepted as presumptively, but not conclusively, correct, and that the court found the conclusions of the special master to be sustained by the evidence, and therefore overruled each and all of defendant's objections to them. Hutchins v. Munn, 28 App. D. C. 271, affirmed 209 U. S. 246, 28 S. Ct. 504, 52 L. Ed. 776.

The appellant complains that the lower court erred in sustaining the findings of the special master that the plaintiff is entitled to a one-half interest in the Twelfth street property, or was ever entitled to a one-half interest in the Q street property. This objection goes to the vital issue in the case, for these are the only properties whose ownership is in controversy. We may say that,

because of the acrimony which characterizes the comments of the special master upon the conduct of the defendant, we have carefully reviewed the evidence contained in the record, and we are convinced that the special master's findings relative to the Twelfth street and Q street properties are correct. And we may repeat the observation of the lower court that "the master's adjectives cannot upset his conclusions, when the record supports those conclusions."

It is claimed by defendant that the Q street property was a personal investment made by Mrs. Carroll, and that plaintiff had no share or interest in it. This claim, however, is utterly disproved by the evidence, and it is clearly established that the Q street property, like those upon S, T, and Tenth streets, was a joint undertaking of the parties, pursuant to their general understanding as claimed by the plaintiff. It is claimed by defendant that the Twelfth street property was purchased by and for the Carroll Electric Company, a partnership composed of defendant and his brother, Louis D. Carroll, to serve as the permanent business location of that firm, and that it was never intended or understood by the parties that plaintiff should have any interest therein. We think, however, that under all the circumstances disclosed by the evidence this claim must be denied, and it must be held that the Twelfth street property falls into the same class as the others, and was part of the common undertakings of plaintiff and defendant. These findings, including those relating to rentals, are sustained by direct testimony, corroborated by convincing circumstantial evidence. It is needless, therefore, to discuss various objections raised by appellant in respect to the procedure below.

[2, 3] The appellant contends that Louis D. Carroll was a necessary party to a complete determination of the issues made by the pleadings, and that it was error to proceed to a final decree without him. We think that Louis D. Carroll was not a necessary party under the issues, and, moreover, this objection came too late to avail the defendant.

We note that an error of computation entered into the account stated by the special master. In Schedule A the sum of $9,654.72 is charged to plaintiff in his account with the Carroll Electric Company, and should be credited to defendant, who assumed to pay the same. The sum, however, was not credited to defendant in the account of the special master. It should therefore be deducted, with interest, from the amount found

18 F.(2d)—52

due from defendant in the decree entered against him.

The decree accordingly is modified, and the defendant Harry R. Carroll is hereby decreed to pay to plaintiff, Joseph J. Moebs, the sum of $12,670.17, with interest thereon at the rate of 6 per cent. per annum from the 30th day of April, 1925, and the plaintiff shall have and is hereby given a lien for that amount upon the share of the defendant Harry R. Carroll in the property decreed by the lower court to be sold herein. In all other respects the decree of the lower court is affirmed, with costs, and this cause is remanded to the lower court for such orders and decrees as are necessary to carry the foregoing decree into full effect.