PER CURIAM:
 

 Appellant, Dickie Joe Ladner, appeals from the judgment of the district court dismissing Ladner’s counter-claim for damages. We affirm.
 

 I.
 

 Ladner is a farmer who, in October, 1984, filed a petition under Chapter 11 of the Bankruptcy Code of 1978, 11 U.S.C. §§ 1101-1173. Ladner’s plan of reorganization was confirmed on May 10, 1985. First Mississippi National Bank (“First Mississippi” or “bank”), one of Ladner’s creditors, appealed the confirmation of the plan. The dispute over the plan’s confirmation was settled in the form of an Agreed Judgment entered by the district court on June 4, 1985.
 

 Pursuant to the Agreed Judgment, Lad-ner and the Trustee in Bankruptcy executed a promissory note payable to First Mississippi in the amount of $832,000 plus interest, secured by a security interest in Ladner's 1985 soybean crop. According to the Agreed Judgment, Ladner was to harvest and sell his 1985 soybean crop and, from the first proceeds of the crop, pay First Mississippi its $832,000 plus interest.
 

 On September 1, 1985, Hurricane Elena severely damaged Ladner’s 1985 soybean crop. The crop was insured under the Federal Crop Insurance Corporation Act, 7 U.S.C. §§ 1501 et seq. (1982). On September 14, 1985, First Mississippi filed a complaint in the bankruptcy court seeking to enjoin the insurance company, Thurston Fire and Casualty Insurance Company, from paying the crop insurance proceeds to Ladner and to enjoin Ladner from attempting to receive or receiving such insurance proceeds. First Mississippi’s request for injunctive relief was grounded on the claim that the bank had a lien against the insurance proceeds. By order of September 19, 1985, the bankruptcy court enjoined Ladner from attempting to receive or receiving the proceeds personally and from assigning a security interest to any third person in the proceeds. Further, the court ordered that any crop insurance proceeds found payable to Ladner be delivered to the Trustee for deposit in an account pending further action by the court. The bankruptcy court did not require the bank to post a bond or other security in order to obtain the injunction and the bank did not post any security.
 

 Ladner, appealed the grant of injunctive relief to the district court under Bankruptcy Rule 8003 and moved the district court to dissolve the injunction. On December 2, 1985, the district court dissolved the injunction, except as to $630,000 to be retained by the Trustee pending further court action. First Mississippi then filed an amended complaint and Ladner counter-claimed for damages resulting from the wrongful obtaining of the injunction, malicious prosecution, and abuse of process. On December 24, 1985, the district court entered a memorandum opinion and order completely dissolving the injunction. The court found that since the bank had not complied with the regulations promulgated by the Federal Crop Insurance Corporation governing assignment of federal crop insurance proceeds, 7 C.F.R. § 402.7, Í18, its security interest could not be recognized and the insurance proceeds could not be paid to it. First Mississippi moved for judgment on the pleadings on Ladner’s counter-claim, or, alternatively, for the dismissal of Lad-ner’s counter-claim. The district court dismissed Ladner’s counter-claim with prejudice. The court found that First Mississippi was not guilty of abuse of process or
 
 *1025
 
 malicious prosecution.
 
 [1]
 
 On the issue of whether Ladner could recover damages for the improper issuance or obtaining of the injunction, the court held that, notwithstanding the fact that Ladner had sustained $146,194.97 in damages as a direct and proximate result of the wrongful injunction, Ladner could not recover damages because First Mississippi had not posted a bond or other security.
 

 II.
 

 In ruling on Ladner’s counter-claim, the district court found that Ladner had sustained damages as a direct and proximate result of the wrongful obtaining of the injunction. However, according to the court, Ladner could not recover the damages because no injunction bond was required of or posted by First Mississippi. The court felt that this result was warranted notwithstanding the fact that Federal Rule of Civil Procedure 65(c) requires the posting of security by the party seeking an injunction.
 
 [2]
 
 The conclusion that Ladner could not recover damages was, in the opinion of the district court, compelled by this court’s decision in
 
 Matter of J.D. Jewell, Inc.,
 
 571 F.2d 928 (5th Cir.1978).
 

 In
 
 Jewell,
 
 the bankruptcy court entered an injunction against the prospective purchaser of real estate. The movants were ordered to post security but the bond was never executed. We did not award damages, stating that the “rule of law is that unless a bond has been executed upon the granting of an injunction, the person enjoined can have no recovery against the moving party.” 571 F.2d at 933. In concluding that no damages could be awarded in the absence of a bond, we relied on our earlier decision in
 
 Tenth Ward Road Dist. No. 11 v. Texas & Pac. Ry. Co.,
 
 12 F.2d 245 (5th Cir.1926). In
 
 Tenth Ward
 
 the tax collector was temporarily enjoined from selling railroad property to satisfy tax debts. No bond was posted. When the injunction was later set aside and the tax collector sued for damages for wrongful injunction, we denied damages, stating that:
 

 Without a bond, appellant could recover only costs, unless it could make out a case of malicious prosecution. In the case of
 
 Meyers v. Block,
 
 7 S.Ct. 525, 528, 120 U.S. 206, 211 (30 L.Ed. 642), the Supreme Court said: “By the law of Louisiana, damages may be recovered for suing out an injunction without just cause, independently of a bond. [Flo-rance v. Nixon] 3 La. [289,] 291. But this cannot be done in the United States courts. Without a bond no damages can be recovered at all. Without a bond ... or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution.”
 

 12 F.2d at 247.
 

 Ladner argues that our decisions in
 
 Jewell
 
 and
 
 Tenth Ward
 
 do not compel the conclusion that, in the absence of malicious prosecution, damages cannot be recovered where no bond or other security was posted. He contends that
 
 Jewell
 
 and
 
 Tenth Ward
 
 are not sound authority for the ruling of the district court on his counterclaim because the “no bond, no damages” rule which we enunciated in those cases, and upon which the district court relied, was first announced by the United States Supreme Court in cases predating Section 18 of the Judicial Code, 38 Stat. 738 (63d Cong. Sess. II, Ch. 323, 1914). Section 18 of the 1914 Judicial Code was the predecessor of Federal Rule of Civil Procedure 65(c), which requires that the party moving for a restraining order or preliminary in
 
 *1026
 
 junction post security, in an amount set by the court.
 

 Ladner correctly traces the origin of the “no bond, no damages” rule. The rule was originally enunciated in
 
 Russell v. Farley,
 
 105 U.S. (15 Otto) 433, 26 L.Ed. 1060 (1881), and followed in
 
 Meyers v. Block,
 
 120 U.S. 206, 7 S.Ct. 525, 30 L.Ed. 642 (1887), both predating the Judicial Code of 1914. However, the fact that the Supreme Court precedent we relied on predated the 1914 Code does not call into question the validity of
 
 Jewell
 
 as governing authority in this case. The Supreme Court has, since the enactment of the Judicial Code, reaffirmed the “no bond, no damages” rule.
 
 See W.R. Grace & Co. v. Local Union 759,
 
 461 U.S. 757, 770 n. 14, 103 S.Ct. 2177, 2185 n. 14, 76 L.Ed.2d 298 (1983) (citing
 
 Russell v. Farley,
 
 105 U.S. (15 Otto) 433, 26 L.Ed. 1060 (1881), and
 
 Buddy Systems, Inc. v. Exer-Genie, Inc.,
 
 545 F.2d 1164, 1167-68 (9th Cir.1976),
 
 cert. denied,
 
 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977));
 
 Lawrence v. St. Louis-San Francisco R. Co.,
 
 278 U.S. 228, 233, 49 S.Ct. 106, 107, 73 L.Ed. 282 (1929).
 
 [3]
 
 Therefore, we agree with the district court’s conclusion that
 
 Jewell
 
 requires the dismissal of Ladner’s counter-claim for damages since no bond was posted by First Mississippi.
 
 [4]
 

 III.
 

 Because we find that the district court correctly denied Ladner’s counter-claim for damages, the district court’s judgment is AFFIRMED.
 

 [1]
 

 . On appeal, Ladner does not dispute this finding by the district court.
 

 [2]
 

 . Federal Rule of Civil Procedure 65(c) provides:
 

 Security.
 
 No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.
 

 Fed.R.Civ.P. 65(c).
 

 [3]
 

 . Other federal courts have recognized the "no bond, no damages” rule.
 
 See e.g., Buddy Systems, Inc. v. Exer-Genie, Inc.,
 
 545 F.2d 1164, 1167-68 (9th Cir.1976),
 
 cert. denied,
 
 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977);
 
 United Motors Services v. Tropic-Aire,
 
 57 F.2d 479, 483 (8th Cir.1932),
 
 Northern Oil Co. v. Socony Mobile Oil Co.,
 
 347 F.2d 81, 83 (2d Cir.1965);
 
 but see Monroe Division, Litton Business Systems, Inc. v. De Bari,
 
 562 F.2d 30 (10th Cir.1977).
 

 [4]
 

 . Ladner argues that damages are appropriate here because we awarded damages in
 
 Grant v. Smith,
 
 574 F.2d 252, 256 (5th Cir. 1978), two months after we decided
 
 Jewell.
 
 Ladner asserts that no bond was posted in
 
 Smith.
 
 However, we must disagree with Ladner that
 
 Smith
 
 compels the conclusion that damages are appropriate because in
 
 Smith
 
 the panel did not address the bond issue at all. Moreover, the panel in
 
 Smith
 
 apparently assumed that the movant had posted bond since bond had been posted in both
 
 Hutchins v. Munn,
 
 209 U.S. 246, 28 S.Ct. 504, 52 L.Ed. 776 (1908), and
 
 Osage Oil & Refining Co. v. Chandler,
 
 287 F. 848 (2d Cir.1923), the two cases cited by the panel for the proposition that damages were recoverable.
 

 Ladner argues further that
 
 Jewell
 
 should be limited to cases where a court makes an express finding that no bond or security is necessary for an injunction to issue because there is no likelihood that damages will result to the enjoined party. We find no basis for such a limitation of
 
 Jewell.