In re C.H. BUTCHER, Jr., David A. Crabtree, also known as West Knoxville Investment Company, Inc., Debtors.

James R. MARTIN, Trustee in Bankruptcy for C.H. Butcher, Jr. and D. Broward Craig, Trustee for David A. Crabtree, a/k/a West Knoxville Investment Company, Inc., Plaintiffs,

v.

UNION CHELSEA NATIONAL BANK and Mel Katz, a/k/a Melvin Katz and Gary F. Long, Defendants.

Bankruptcy Nos. 3–83–01008, 3–83–01116.

Adv. No. 3–86–0235.

United States Bankruptcy Court, E.D. Tennessee.

Sept. 30, 1987.

Cadwalader, Wickersham & Taft, Mark C. Ellenberg, James F. Wallack, Washington, D.C., Walker & Walker, P.C., John A. Walker, Knoxville, Tenn., for plaintiff, D. Broward Craig, trustee.

Weinberger, Weinstock, Sagner, Stevan & Harris, P.A., Neal S. Melnick, Baltimore, Md., James R. Moore, Knoxville, Tenn., for plaintiff, James R. Martin, trustee.

Hahn & Hessen, Gilbert Backenroth, New York City, Hodges, Doughty & Carson, Thomas H. Dickenson, Knoxville, Tenn., for defendant, Union Chelsea National Bank.

Burns & Fox, John M. Burns, III, New York City, Bernstein, Susano & Stair, Doris C. Allen, Knoxville, Tenn., for defendant, Mel Katz.

Joseph J. Levitt, Knoxville, Tenn., for defendant, Gary Long.

## MEMORANDUM AND ORDER ON PLAINTIFFS' JOINT MOTION TO DISMISS THE COUNTERCLAIM FILED BY MEL KATZ

RICHARD S. STAIR, Jr., Bankruptcy Judge.

On December 10, 1986, plaintiffs filed their complaint seeking the turnover of proceeds from certain United States Treasury notes, which they contend are property of the Butcher and/or Crabtree estates. On the same date, plaintiffs also filed their "Motion For Temporary Restraining Order And For Preliminary Injunction." Plaintiffs' motion, supported by the affidavit of plaintiff James R. Martin, Trustee, recites that defendant Union Chelsea National Bank holds the proceeds at issue; that the Bank holds these proceeds as collateral for a loan to Samuel Fortson; that through individuals whose identities are presently unknown Butcher and/or Crabtree gave possession of the Treasury notes to defendant Mel Katz, who deposited the Treasury notes with the Bank as security for Fortson's loan; and that Fortson's loan is due December 22, 1986, and if payment is not received the Bank will offset the collateral against the loan balance.

On December 10, 1986, this court entered a "Temporary Restraining Order And Show Cause Order" restraining the Bank from applying the Treasury note proceeds to any loan held by the Bank and requiring the Bank to place the disputed proceeds in an interest-bearing account. After a hearing on December 18, 1986, the court converted its temporary restraining order to a preliminary injunction. Although the Bank responded to the show cause order and was represented at the hearing on plaintiffs' request for a preliminary injunction, defendant Katz did not respond to the show cause order and was not represented at the December 18, 1986 hearing.

Katz contends plaintiffs wrongfully obtained the temporary restraining order and the preliminary injunction prohibiting the Bank from applying the Treasury note proceeds to the Fortson loan, which he personally guaranteed, and that as a result of the preliminary injunction he is liable to pay the Fortson loan together with interest in the amount of $5,162.50 accrued through March 30, 1987, plus any additional interest. Katz counterclaims against plaintiffs for any part of the Fortson debt he may be required to pay.

On August 18, 1987, plaintiffs filed their motion to dismiss the Katz counterclaim. Plaintiffs contend the counterclaim fails to state a claim upon which relief may be granted and that Katz is estopped due to his failure to oppose plaintiffs' request for injunctive relief.

Bankruptcy Rule 7065 provides for the application of Fed.R.Civ.P. 65 in adversary proceedings "except that a temporary restraining order or preliminary injunction may be issued on application of a ... trustee ... without compliance with Rule 65(c)." Fed.R.Civ.P. 65(c) requires an applicant for a restraining order or a preliminary injunc-

tion to furnish security to compensate any party wrongfully enjoined or restrained. No defendant requested, nor did the court require, the posting of security when the preliminary injunction was entered.

Generally, no recovery is permitted where a party is wrongfully enjoined in the absence of a bond or other form of security. Note, *Recovery For Wrongful Interlocutory Injunctions Under Rule 65(c)*, 99 Harv.L.Rev. 828, 832 (1986). The Supreme Court so held in *Russell v. Farley*, 105 U.S. (15 Otto) 433, 26 L.Ed. 1060 (1881). *See also Meyers v. Block*, 120 U.S. 206, 211, 7 S.Ct. 525, 527, 30 L.Ed. 642 (1887) (unless he can establish a case of malicious prosecution a party wrongfully enjoined can recover nothing but costs in the absence of a bond). Although a panel from the Tenth Circuit Court of Appeals concluded Fed.R. Civ.P. 65(c) creates a cause of action on behalf of a party wrongfully enjoined and that recovery is possible even in the absence of a bond, *Monroe Div., Litton Business Systems v. DeBari*, 562 F.2d 30 (10th Cir.1977), the Supreme Court recently reiterated the rule announced in *Russell*. "A party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond." *W.R. Grace and Co. v. Local Union 759*, 461 U.S. 757, 770 n. 14, 103 S.Ct. 2177, 2185 n. 14, 76 L.Ed.2d 298 (1983). *Accord Ladner v. First Mississippi Nat'l Bank*, 799 F.2d 1023, 1026 (5th Cir.1986); *Buddy Systems, Inc. v. Exer–Genie, Inc.*, 545 F.2d 1164, 1167 (9th Cir.1976), *cert. denied*, 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977).

While the court is empathetic with defendant Katz, it is bound by decisions of the Supreme Court. Because no security was posted in conjunction with the issuance of the preliminary injunction, in the absence of malicious prosecution, which is not alleged, defendant Katz cannot recover from the plaintiffs, assuming arguendo that the preliminary injunction was wrongfully obtained. Accordingly, "Plaintiffs' Joint Motion To Dismiss The Counterclaim Filed By Mel Katz" is granted. Defendant Katz's counterclaim is dismissed.

SO ORDERED.