Phillip Kolin, a Minor et al., Appellants, v. John Leitch et al., Appellees.

Gen. No. 45,861.

 Opinion filed July 2, 1953. Released for publication July 28, 1953.

GOLDBERG, DEVOE, BRUSSELL & SHADUR, of Chicago, for appellants; ABRAHAM W. BRUSSELL, MILTON I. SHADUR, and ABNER J. MIKVA, all of Chicago, of counsel.

HENNESSY, LENNON & KING, and WILL A. KELLY, all of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

August 31, 1950 plaintiffs filed an amended complaint against the members of the board of directors of St. George School for Girls, a corporation not for profit, hereinafter called "the school," and John Leitch, the successor trustee of the George J. Williams charitable trust. The amended complaint prays for a declaration of the rights of the plaintiffs, an injunction restraining defendants from closing the school, the removal of the directors and trustee of the Williams trust, appointment of a successor trustee with authority to use the principal of the trust to pay the school's deficits, and the appointment of a receiver for the school.

September 1, 1950 a temporary injunction was issued, restraining the directors of the school from closing the school and directing them to accept pupils for enrollment subject to certain conditions which are

68

not material here. The issuance of the order for a temporary injunction fixed plaintiffs' bond at $5,000 and provided further that the sum of $6,000, which had theretofore been deposited by the plaintiffs with the clerk of the circuit court, be accepted in lieu of a bond. November 10, 1950 defendants' motion to dissolve the temporary injunction was denied and, on the same day, on plaintiffs' motion, the school was made a party defendant. In an interlocutory appeal to this court the order denying defendants' motion to dissolve the temporary injunction was reversed (343 Ill. App. 622).

Upon the dissolution of the temporary injunction the school filed a written suggestion of damages under the provisions of chapter 69, section 12, Illinois Statutes 1951, State Bar Edition [Jones Ill. Stats. Ann. 109.360]. This suggestion of damages contains an itemized account of all the moneys alleged to have been expended and obligations incurred by the school in the dissolution of the temporary injunction, such as attorney's fees, court reporter's fees, court costs, costs of printing, filing and serving of abstracts on appeal, cost of printing appellants' brief and reply brief, and the operating loss sustained by the continued operation of the school during the period when the injunction was in force. The school asks that judgment be entered for the damages sustained and that an order be entered directing the clerk of the circuit court to pay to the school such amount out of the funds remaining on deposit with him pursuant to the order of court, and for such other relief in the premises as equity may require. After a hearing, the trial court awarded damages against the plaintiffs and in favor of the school in the sum of $4,112.08. Plaintiffs appeal.

In the former appeal the school did not join with the other defendants.

Plaintiffs contend that the school cannot recover damages because it was not a party which sought disso-

lution of the temporary injunction. In support of their contention plaintiffs rely on *Leonard v. Pearce,* 271 Ill. App. 428. In that case it appears that one Froelich had an undivided interest in certain land covered by a lake, the use of which was temporarily enjoined. The other defendants made a motion to dissolve the injunction and upon its dissolution they were granted leave to file a suggestion of damages. The court held that because of Froelich's failure to file any motion to dissolve the injunction and suggestion of damages prior to the entry of the final decree, he could not recover. We think the facts of that case are readily distinguishable from those of the present case.

■■■■ The school being a corporation acts only through its officers, and in its dealings with third persons the power of a corporation is lodged in its board of directors. Here, plaintiffs have recognized that the board of directors is the governing body of the school by making them all parties-defendant. Moreover, the money deposited by plaintiffs with the clerk of the circuit court was for the use and benefit of the school. Under the circumstances shown by the record we think the school is the actual "party damnified" within the meaning of section 12 of the Injunction Act. The failure to join its name with the directors who acted for the school in moving to dissolve the temporary injunction does not in our opinion bar it from recovering the damages which it sustained.

Plaintiffs maintain that the school cannot recover attorney's fees because it failed to segregate the attorney's fees for services rendered on the dissolution of the injunction and fees earned for the defense on the merits of the case.

■■■ The rule seems well settled that a defendant may recover as damages, on dissolution of an injunction, the solicitor's fees which he has paid or become

obligated to pay for services rendered in obtaining the dissolution of the injunction but not for those rendered in the general defense of the suit. (*Lambert v. Alcorn,* 144 Ill. 313.) The damages allowed by statute are only those sustained by reason of an improper and wrongful suing out of an injunction and the solicitor's fees can only extend to the motion to dissolve. (*Leonard v. Pearce,* 271 Ill. App. 428.)

In the instant case Will Kelly, attorney for the school and the other defendants, testified that the total time devoted to the motion for dissolution of the temporary injunction was 162¼ hours, and that a fair and reasonable charge for his services was $15 an hour. Another attorney also testified that the services Mr. Kelly rendered in connection with the dissolution of the injunction were reasonably worth $30 an hour. There was undisputed testimony that the school advanced costs amounting to $405.40. The evidence further shows that Kelly in testifying used a memorandum taken from the original records in his office; that he recited in detail the dates and time spent on the dissolution of the injunction, also the nature of the services rendered, such as examination of the court orders, pleadings, briefs, abstract, and the authorities pertaining to the subject matter. According to the witness he received $2,433.75 from the school in payment of his services. The trial court allowed $1,216.87 as attorney's fees and $202.70 as court costs.

Plaintiffs say that the trial court recognized that the amount claimed by the school for attorney's fees and court costs was not attributable solely to the temporary injunction when it reduced the school's claim for damages by one-half.

From an examination of the evidence we think a clear discrimination was made between the services rendered relative to the dissolution of the in-

71

junction and the services rendered in the case generally. In *Scherzer v. Keller,* 321 Ill. 324, the same contention was made as here, that the preparation of an answer was done in the general defense of the case. There the court said (pp. 333 and 334) : "The fact that the filing of the answer and preparation of the motion to dissolve also simplified the preparation for the defense of the cause on the merits was not material. Where an injunction is merely ancillary to the principal relief sought by the bill and its dissolution is only incidental to the defense made, counsel's fees incurred in defending the suit generally cannot be assessed as damages, but where they are necessarily incurred in procuring a dissolution of the injunction they may be allowed as damages." In suits of this character it is often difficult to draw a clear line of demarcation separating legal services rendered solely for the defense on the merits from those rendered on the dissolution of the injunction. However, in the present case we think the evidence was sufficient to distinguish these services. It also appears that the value of legal services and the court costs advanced in connection with the motion for the dissolution of the temporary injunction were far in excess of those allowed to the school. Since the school does not complain of the reduction, the amounts allowed on its claims for attorney's fees and costs are sustained.

In its suggestion of damages the school avers that as a result of being compelled to operate the school during the period when the injunction was in force it sustained a substantial operating loss.

The trial court assessed damages for depreciation on furniture in the sum of $2,025.84 and also for depreciation on an automobile in the sum of $666.67. These items represent the depreciation for wear and tear on the furniture and automobile, occasioned by the use

72

thereof during the period of enforced operation of the school. Defendants suggest that these items represent the yearly diminution of the cost of the furniture and automobile and are entered on the books of the school in the regular course of business as a direct operating loss sustained.

Plaintiffs insist that defendants used an improper method of measuring damages alleged to have been caused by the injunction.

██ Damages recoverable for wrongful suing out of a writ of injunction must be such as naturally and proximately result therefrom, and remote speculative damages cannot be taken into consideration. (*Leavitt v. Lusch,* 192 Ill. App. 504.) The measure of damages is the difference between the fair cash reasonable market value of the items in controversy on the day the injunction was issued and such value on the day it was dissolved. See *DeBuck v. Gadde,* 319 Ill. App. 609.

██ It may well be, as plaintiffs argue, that the furniture and automobile were worth as much or more on the day the injunction was dissolved as on the day the injunction was issued. Defendants proved the book value of these items based on its accounting methods but failed to offer any proof tending to show the fair cash reasonable market values. We are therefore impelled to hold that the trial court erred in allowing the school damages for depreciation on its furniture and automobile.

██ Finally, plaintiffs contend that the income received by the school while the injunction was in effect exceeded the expenses incurred and that defendants failed to mitigate their damages by accepting all the income available to them for that period. Plaintiffs say that the very minimum income of the school during the period in question was $69,232.73. Included in the income are two controverted items, one of $1,865.24 paid to the school as luncheon aid which plaintiffs suggest

should have been $2,703.88. The other disputed item is reserve for uncollected tuitions of $2,500 which plaintiffs argue is unreasonably high because defendants' testimony shows the school collected $1,196.10 of prior years' tuition. We cannot say that the uncollected tuitions reserve is unreasonable. The evidence is not clear with respect to the luncheon aid received by the school. There is testimony tending to show that the school received more than $1,865.24 as luncheon aid. Defendants assert that the minimum tuitions received were $66,732.73, and that the cost of operation of the school while the injunction was in force was $71,393.89. Thus by subtracting the tuitions from the cost of operation and the legal fees of $4,034.70 there appears to be an operating deficit of $626.46. We think the evidence is sufficient to warrant a finding that there was an operating deficit while the injunction was in effect.

In our view there is no merit in plaintiffs' contention that the directors of the school failed to mitigate the damages because they did not avail themselves of the income of the George Williams trust. The evidence discloses that for a long period before the present proceedings were instituted the school was having serious financial difficulties. In these circumstances the directors of the school could, in the exercise of their discretion, determine when to use the income of the George Williams trust to meet operating deficits.

For the reasons given, the order here appealed from is reversed and the cause is remanded with directions to enter judgment in favor of defendants and against the plaintiffs for attorney's fees and court costs in the sum of $1,419.57.

*Affirmed in part and reversed in part.*

KILEY J., concurs.

FEINBERG, P. J., took no part.