## 17113

L. E. WHEELER, Respondent, v. OTIS HYLER and GLADYS O. HYLER, Appellants

(91 S. E. (2d) 265)

*Messrs. James B. Hare* and *Butler B. Hare,* of Saluda, *for Appellants,*

*Messrs. Pope & Greene,* of Newberry, *for Respondent,*

January 31, 1956.

J. M. BRAILSFORD, JR., Acting Associate Justice.

This summary proceeding was brought by respondent, as landlord, to eject appellants from a dwelling in the town of Saluda which, according to his claim, they occupy as his

tenants. Section 41-5, Code of Laws 1952, provides that the judges of the circuit courts and county courts shall have concurrent jurisdiction with magistrates in such cases. Pursuant thereto the petition was addressed to Honorable Joseph R. Moss, as presiding judge of the eleventh circuit, who issued the usual rule to show cause. By their return, the appellants denied the existence of the relationship of landlord and tenant and set up several additional defenses involving the validity of a 1949 deed of the premises from them to respondent.

After hearing the testimony, Judge Moss filed an order on February 19, 1955 in which he resolved all issues in favor of respondent. Due notice of intention to appeal was given but no appeal bond was filed as required by Section 41-113. The appeal was dismissed on this ground and the ejectment of the appellant was directed by order of Honorable G. Duncan Bellinger, who was presiding in the eleventh circuit when Judge Moss' order was filed.

Notice of intention to appeal from this order was given and, on appellants' petition therefor, Mr. Justice Oxner issued a rule requiring respondent to show cause before this Court on April 13 why the execution of the orders of Judge Moss and of Judge Bellinger should not be stayed pending the appeals therefrom.

Respondent filed a return setting forth the prior proceedings in the cause and the rule was discharged by the following *per curiam* order dated April 15, 1955:

"Upon due consideration, the within Return is adjudged sufficient, the Rule to Show Cause is discharged, and the restraining order and *supersedeas* heretofore issued are dissolved. The filing of the bond required by Section 41-113 of the 1952 Code is mandatory and this Court has no discretionary power in the matter."

Within a few days after the filing of this order, appellants presented to Mr. Justice Stukes a petition whereby they suggested for the first time that in this statutory proceeding

Judge Moss was without jurisdiction of the issue of title raised by the pleadings. They further challenged the jurisdiction of Judge Bellinger to dismiss the appeal, on the ground that section 41-113 requires this to be done by the "trial magistrate."

Pursuant to the prayer of the petition, Mr. Justice Stukes issued a rule requiring the respondent to show cause before the Supreme Court at the May term why the orders of the circuit court "should not be dismissed for lack of jurisdiction in each instance" and, in the meantime, staying the enforcement of these orders upon the filing by appellants of a bond in the sum of $500.00.

Upon consideration of the return to this rule, a *per curiam* order was issued on June 20th continuing the restraining provisions of the rule in effect pending a decision of the jurisdictional questions, which were argued at the November term of the Court.

In *Horn v. Blackwell*, 212 S. C. 480, 48 S. E. (2d) 322, it was conceded by counsel and assumed by the court that the giving of the bond required by Section 41-113 is a condition precedent to the right of appeal by a tenant from an order of ejectment.

In view of the *per curiam* order of April 15, 1955, this construction of the statute is likewise the law of this case. Under it, the dismissal of the appeal by the "trial magistrate" is merely the means of establishing the absence of this condition precedent. Here the failure to file the bond is conceded in the agreed case. Because of appellants' non-compliance with this mandatory provision of the statute, the appeal is not properly before us. It is, therefore, unnecessary to decide whether the order of dismissal should have been signed by Judge Moss, before whom the case was tried, instead of by Judge Bellinger, who was presiding in the eleventh circuit when the order was filed.

We, therefore, do not reach the question of whether the judgment of the lower court is void for lack of jurisdiction of the issues raised by the pleadings and

588

intimate no opinion thereabout. An objection to jurisdiction of the subject matter may be raised at any time during the progress of an action. However, the conclusion that this appeal is not properly pending before this court exhausts our jurisdiction and precludes consideration of it.

Appeal dismissed.

STUKES, OXNER and LEGGE, JJ., and J. WOODROW LEWIS, A. A. J., concur.