17932

Gladys B. HYLER et al., Appellants, v. Carrie Pope WHEELER and Luther Eugene Wheeler, as Executrix and Executor, respectively, of the Estate of L. E. Wheeler, Respondents.

(126 S. E. (2d) 173)

*Messrs. J. Roy Berry,* of Johnston, *Charles W. Coleman,* of Saluda, and *W. Ray Berry,* of Columbia, *for Appellants,*

*Messrs. Thomas H. Pope, Robert D. Schumpert,* and *Rembert D. Parler,* of Newberry, *for Respondents,*

June 14, 1962.

LEWIS, Justice.

This is a proceeding against the principal and sureties on an injunction bond to recover damages allegedly sustained as a result of the wrongful issuance of the injunction. Judgment was awarded against the principal and sureties in the full amount of the bond, plus costs, and they have appealed. This matter has had a rather long history, but we shall confine our review of the various prior legal proceedings to such as are essential to a determination of the issues presented by this appeal.

The late L. E. Wheeler owned a dwelling house in the Town of Saluda, South Carolina, which was occupied by Mrs. Gladys B. Hyler. As a result of ejectment proceedings instituted by him on September 15, 1954, a decree of the Circuit Court was issued on February 19, 1955 in which it was held that the relationship between the parties was that of landlord and tenant and directed the Sheriff of Saluda County to eject Mrs. Hyler and her husband from the premises within five days thereafter. Appeal was taken to this Court from such order of ejectment and the appeal was subsequently dismissed on January 31, 1956. *Wheeler v. Hyler*, 228 S. C. 584, 91 S. E. (2d) 265.

On February 10, 1956, following the dismissal of the appeal in the ejectment proceedings, action was instituted

by Mrs. Hyler against Mr. Wheeler wherein she sought (1) specific performance of an alleged oral promise by Mr. Wheeler to convey the premises in question to her and (2) damages resulting from the breach of the alleged oral promise to convey. Following a temporary restraining order, the lower Court issued on April 20, 1956 an injunction, *pendente lite,* restraining the ejectment of Mrs. Hyler from the premises, upon condition that she file a bond in the sum of $5,000.00, with two or more sureties, conditioned to pay any damages that Mr. Wheeler might sustain by reason of the issuance of the injunction.

Pursuant to the order of injunction, bond was filed on April 26, 1956. By an order dated August 7, 1958, the relief sought by Mrs. Hyler against Mr. Wheeler was denied, judgment was entered in his favor, and the injunction previously granted on April 20, 1956, restraining further ejectment proceedings, was dissolved. Following the dissolution of the injunction, the Sheriff of Saluda County served on Mrs. Hyler an ejectment order, but agreed not to forcibly eject her from the premises if she would peaceably move within a few days. Mrs. Hyler thereafter vacated the premises on September 11, 1958.

Pursuant to a motion by Mr. Wheeler, directed to the principal and sureties on the foregoing bond, the lower Court on March 23, 1959, referred to a Special Referee for determination the question of the amount of the damages, if any, sustained by him as a result of the injunction issued on April 20, 1956, in accordance with the procedure authorized by Section 10-2057 of the 1952 Code of Laws. In the meantime Mr. Wheeler died and the representatives of his estate were substituted in his stead as parties to the action but, for convenience, we shall continue our references to Mr. Wheeler as a party and the owner of the property. After hearing the testimony, the Special Referee held that Mr. Wheeler had sustained damages by reason of the injunction (1) for loss of use of the premises from April 26,

1956, the date of the filing of the injunction bond, until September 11, 1958, the date on which Mrs. Hyler vacated the premises, in the amount of $2,636.67, based upon the reasonable rental value of the property for such period, (2) for waste committed to the property during such period by Mrs. Hyler in the amount of $2,515.00, and (3) for attorney's fees incurred in securing the dissolution of the injunction. The total of these damages was in excess of the amount of the bond and the referee, accordingly, recommended that judgment be entered against the principal and the sureties in the full amount of the bond and, in addition thereto, that Mr. Wheeler recover the costs and disbursements of this proceeding. The report of the Special Referee was subsequently affirmed by the circuit court, from which order of judgment the principal and sureties have prosecuted this appeal.

Claim for attorney's fees as an element of damage to Mr. Wheeler was abandoned after appeal, leaving in issue the judgment for damages for (1) loss of use of the property, arrived at on the basis of the reasonable rental value thereof, (2) waste committed to the property, and (3), if these items are allowed, since their total would exhaust the face amount of the bond, the additional allowance of costs and disbursements. Both, the recoverability of the foregoing elements of damage in an action of this kind and, if recoverable, the sufficiency of the evidence to sustain them, are in issue.

The bond, upon which this proceeding is based, was required as a condition of the injunction in accordance with the provisions of Section 10-2057, *supra,* of the 1952 Code of Laws. This section provides that the bond shall be conditioned to pay "to the party enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction if the court shall finally decide that the plaintiff was not entitled thereto." The order of injunction required that a bond be filed in the amount of $5,000.00. Bond in this amount was filed and was conditioned, in ac-

cordance with the statute and order, to pay any damages that Mr. Wheeler might sustain by reason of the issuance of the injunction, if it was finally decided that Mrs. Hyler was not entitled thereto.

■ The damages recoverable in an action on an injunction bond include all actual damages sustained by reason of the wrongful issuance of the injunction, that is, such damages as are the direct, natural, and proximate result of the injunction. In such actions the general rules governing the measurement of damages ordinarily apply. 43 C. J. S., Injunctions, § 309, p. 1091; 28 Am. Jur. 858, § 343.

Mr. Wheeler was the owner of the dwelling house occupied by Mrs. Hyler. He was entitled to the possession and use of his property as one of the incidents of his ownership, but was deprived of such use by the filing of the injunction bond by Mrs. Hyler. In fact, the purpose of the bond was to continue Mrs. Hyler in possession of the property and thereby deprive him of the use of it. The bond was given to indemnify Mr. Wheeler against any damages he might directly and proximately sustain from the issuance of the injunction, and his loss of use of the property was beyond question a direct and proximate result thereof.

■ In assessing the value of the loss of use of the property, the lower Court used as a criterion the reasonable rental value thereof. This was proper. An accepted measure of the value of the use of specific property capable of being rented is its rental value. 15 Am. Jur., Damages, §§ 129 and 131; *Standard Supply Co. v. Carter & Harris,* 81 S. C. 181, 62 S. E. 150, 19 L. R. A., N. S., 155; *Lipscomb v. South Bound R. R. Co.,* 65 S. C. 148, 43 S. E. 388. And this rule is applied in proper cases so as to allow recovery of the reasonable rental value of property during the time its use was wrongfully prevented by an injunction. 43 C. J. S., Injunctions, § 315a, p. 1095; 28 Am. Am. Jur. 860, § 344; *State ex rel; Bush v. Carden,* 111 W. Va. 631, 163 S. E. 54.

The record shows that the property in question was a residence, had a rental value, and, in fact, is now being rented. Under such circumstances, the lower Court properly determined the value of the loss of use to the owner on the basis of the reasonable rental value of the property.

The Special Referee, whose findings were confirmed by the lower Court, found the reasonable rental value of the premises during the period in question to be the sum of $85.00 per month. It is contended that this finding is without evidentiary support. The Special Referee had before him the testimony of several witnesses as to the rental value of the property. There was testimony that the sum of $85.00 per month was a reasonable rental for the property during the period and that it was being rented at the time of the trial for $100.00 per month. While there was some variance in the testimony, there is ample evidentiary support for the finding of the lower Court that the reasonable rental value of the property was $85.00 per month and that such represented a fair award for the loss of use of the property to the owner.

In addition to the rental value of the property, the lower Court awarded the sum of $2,515.00 as damages for waste committed to the property. It appears to be settled that "damages for injury to, or depreciation in the value of, property, caused by the injunction, may be recovered, provided it is the direct result of the injunction". 43 C. J. S., Injunctions, § 315c, p. 1096; *Tryon v. Robenson,* 10 Rich. Law 160.

The record amply sustains the finding of the Special Referee, concurred in by the Circuit Judge, that Mrs. Hyler committed acts of waste upon the premises during the period of April 26, 1956 to September 11, 1958. Litigation over the possession of the property was begun in 1954. The testimony shows that the dwelling was inspected shortly prior to the institution of such litigation and the premises were in good condition. Subsequent inspection of the property by

the owner was made impossible by the pendency of litigation begun in 1954. One witness testified that he visited the house in 1956 or 1957 and nothing unusual was noticed about the condition of the premises. However, the testimony clearly shows that immediately after possession of the property was surrendered by Mrs. Hyler on September 11, 1958 it was found that the interior doors and light fixtures of the house had been removed, electrical wires had been cut, the kitchen sink top had been removed, medicine cabinets were damaged, growing pecan trees on the property had been damaged, approximately 530 lineal feet of fencing around the house and two gates had been removed, the walls were damaged, and the floors stained by the deposit of trash and garbage thereon. The foregoing damages could hardly be reasonably attributed to normal wear and use of the property. It is not claimed that the property was in that condition when the injunction was issued.

However, the appellants contend that, if damages were properly awarded during the effective period of the injunction, the lower Court erred in including in the judgment damages which occurred beyond the date of the dissolution thereof. Damages were awarded by the lower Court for both loss of use of the property and waste thereto from April 26, 1956, the effective date of the injunction, to September 11, 1958, when Mrs. Hyler finally vacated the premises. The order dissolving the injunction was issued on August 7, 1958 and it is contended that no damages could be awarded for loss of the use of the property or waste, in any event, after that date.

While the period for which damages are recoverable under an injunction bond is ordinarily limited to the time the injunction was in force, such is not necessarily so. The basic test by which the recoverability of damages in such cases is determined is whether or not the damages claimed resulted directly and proximately from the issuance of the injunction. Damages which directly flow from

the wrongful injunction, as well as damages accruing during the period of injunctive relief, are recoverable. *City of Corning v. Iowa-Nebraska Light & Power Co.*, 225 Iowa 1380, 282 N. W. 791; *Hutchins v. Munn,* 209 U. S. 246, 28 S. Ct. 504, 52 L. Ed. 776. This is not an extension of the liability agreed to under the bond, for the obligation is to pay *any* damages that the defendant may sustain by reason of the issuance of the injunction. The liability under the bond was not limited by its terms to the period in which the injunction was in force, but is properly construed as including liability for any damages which directly or proximately result from its issuance. The question then is whether the referee and the lower Court properly held that damages sustained by Mr. Wheeler by reason of the loss of use and damage to his property between the date of the dissolution of the injunction on August 7, 1958 and September 11, 1958, when Mrs. Hyler vacated the premises, resulted directly and proximately from the issuance of the injunction. We think the inclusion of damages for such period proper in this case.

The purpose of the injunction was to continue Mrs. Hyler in possession of the property. An order of ejectment had been issued under which Mrs. Hyler was to be forcibly, if necessary, removed from the premises. The injunction stayed further proceedings in ejectment and thereby permitted Mrs. Hyler to retain possession of the property. While the injunction bond was not conditioned in so many words for the return of the proeprty to Mr. Wheeler, it was conditioned to pay, in effect, within the penalty thereof, such damages as he might sustain from the retention of possession by Mrs. Hyler because of the injunction. It was the duty of Mrs. Hyler to immediately deliver possession of the property upon dissolution of the injunction in substantially the same condition as when the injunction was issued. This return of the property, the possession of which was held by virtue of the issuance of the injunction, in substantially the same condition as when pos-

session was acquired must be held to have been reasonably within the contemplation of the parties when the bond was filed. The return of possession of necessity was subsequent to the dissolution of the injunction. If the bond was effective to take possession of the property, it certainly was effective to guarantee its return. Mrs. Hyler refused to deliver possession of the premises and the injunction bond protected Mr. Wheeler not only while the injunction was in force, but also for a reasonable length of time thereafter until possession could be obtained. The record sustains the conclusion that Mr. Wheeler proceeded with due diligence to obtain possession of the property after the injunction was dissolved.

Finally, it is argued that the lower Court erred in awarding judgment for costs in this proceeding, since the total of the judgment plus costs exceeds the amount of the bond. The costs allowed here are not those incurred in the action in which the injunction was issued, but only those incurred in this proceeding to determine the amount of damages sustained under the injunction bond.

Since the total of the damages sustained from the issuance of the injunction exceed the sum of $5,-000.00, the amount of the bond, the lower Court properly limited the amount of the judgment for damages to that sum. *Walker et al. v. Oswald et al.,* 181 S. C. 278, 186 S. E. 916; *Crawford v. Atlantic Coast Lumber Corporation,* 89 S. C. 456, 71 S. E. 1049; *Hill v. Thomas,* 19 S. C. 230. However, the limitations of the bond apply only to damages and do not apply to taxable costs and disbursements incurred in the proceeding to determine the damages sustained under the injunction bond.

Costs and disbursements are allowed by statute in this State to the prevailing party in all civil actions "as of course", except in cases in chancery they may be taxed as ordered by the court. Section 10-1601, 1952 Code of Laws. In the case of *Hill v. Thomas, supra,* 19 S. C. 230, 239,

costs incurred in the proceedings to ascertain the amount due under an injunction bond were allowed in addition to the face amount thereof. In so doing the court stated: "The amount of the undertaking, two hundred dollars, must limit the right of recovery, and as the interest on the purchase-money of the land for a year was more than that sum, the judgment of the Circuit Court should substantially be affirmed. But, whilst that is the limit of the right of recovery upon the part of the creditors, the obligors on the undertaking are liable, in addition, for the costs of the proceedings to ascertain and collect that sum."

The question of the allowance of costs and disbursements, incurred in the proceeding for assessment of damages under the injunction bond, was not involved in the case of *Walker et al. v. Oswald et al., supra,* 181 S. C. 278, 186 S. E. 916. There the question concerned the allowance of costs and disbursements incurred in the main action in which the injunction was issued, as an element of damage under the injunction bond. Such is not involved here.

The judgment of the lower Court is affirmed, except as to the allowance of attorney's fees, the claim for which has been abandoned on appeal.

Affirmed as modified.

Moss, Bussey and Brailsford, JJ., concur.

Taylor, C. J., did not participate.