HENDRY, Judge.
The plaintiffs sued the defendants in chancery alleging injury to their business and reputation as a result of certain defamatory statements made by the defendants. Plaintiffs sought and later obtained a temporary injunction and a bond was posted. The temporary injunction was subsequently dissolved and, upon motion by the defendants, the chancellor entered an order setting a jury trial date for the determination of damages, if any, suffered by the defendants as a result of the wrongful issuance of the temporary injunction. The plaintiffs took this interlocutory appeal from that order.
The plaintiffs contend that in the absence of express statutory authority, the only way that a claim for damages can be asserted for the wrongful, but good faith, suing out of an injunction is by way of a separate action at law on the bond. The plaintiffs further contend that § 64.16, Fla.Stat., F.S.A.,[1] 'upon which the defendants relied as authority for the chancellor to conduct a jury trial in the same suit as to the issue of damages under the bond, does not relieve the defendants from the necessity of bringing a separate action at law on the bond for damages, because the plaintiffs had requested a jury trial in their complaint and the defendants had made a similar request as to the issue of damages under the bond, thus making the statute inapplicable in the instant case.
The defendants contend only that § 64.16 authorizes this procedure.
We agree with the plaintiffs’ contentions and accordingly, the order appealed is reversed without prejudice to the defendants to institute a separate action against the plaintiffs on the injunction bond.
Reversed.

. Section 64.16, Pla.Stat. F.S.A. reads as follows:
“64.16 Assessment of damages after dissolution of action “(1) In all injunction actions, upon dissolution, tlie circuit judge may hear the evidence and assess the damages to which a defendant may be entitled under any injunction bond, eliminating the necessity for action at law by the aggrieved party on the injunction bonds, provided the plaintiff in his complaint, or the defendant in his answer or motion to dissolve does not request a jury trial for damages.”