161 So.2d 221 (1964)
Charlotte LEYBOURNE, Appellant,
v.
Martha Joe FURLONG et al., Appellees.
No. 63-262.
District Court of Appeal of Florida. Third District.
January 21, 1964.
Rehearing Denied March 17, 1964.
Redfearn, Ferrell & Simon, Miami, for appellant.
Robert M. Brake, Coral Gables, for appellees.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
The defendant appeals from a summary final declaratory judgment granted by the circuit court in favor of plaintiffs.
James G. Leybourne died testate on October 1, 1958. Appellant is his wife, executrix and sole heir under the will. Appellees are his daughters by virtue of a prior marriage. At the time of his death, *222 the father owned a home impressed with homestead status, located in Dade County.[1] This property passed outside of his will, by operation of law, to his wife for life, remainder to his daughters. §§ 731.05(1), 731.27 Fla. Stat., F.S.A. At the time of death, the property was subject to a nonpurchase money mortgage payable to Coral Gables Federal Savings & Loan Ass'n (hereinafter referred to as the Federal) for a sum in excess of $26,000.00. The mortgage was security for a note executed by the decedent and appellant, his wife.
By a prior suit in equity,[2] the children sought to charge the decedent's estate with the obligation of satisfying the lien on the property.
The present action at law had been instituted at approximately the same time as the equity suit, but remained dormant during the prosecution of the equity claims. After this court handed down its two decisions in regard to the equity proceedings, this suit was reactivated. See note 2, supra.
The present suit for a declaratory judgment sought relief that was substantially similar to that sought in the equity proceedings. The only substantial deviation in the complaint at law, as amended, from that of the complaint in equity being a request of the lower court to determine the children's rights as subrogees.
Both plaintiffs and defendant moved for summary judgment, and the court granted plaintiffs' motion and entered a summary final declaratory judgment, which provides:
"ORDERED AND ADJUDGED as follows:
"1. Since the right to be subrogated to the rights and securities of a Creditor extends to anyone paying any part of the debt of another provided the entire debt is paid, then should Plaintiffs make any payments of the aforesaid indebtedness, they will have a right to be subrogated to the rights and securities of the Creditor upon the entire debt being paid.
"2. Since the rights of the Creditor include a right to have a recourse over against the Estate of the Deceased JAMES G. LEYBOURNE, the Plaintiffs have a right to such recourse as contingent claimants, independent of any action on the part of the Creditor, subject only to fulfilling the requirements of the so-called Florida Claims Statute, as set forth in Florida Statutes, Sections 733.16 and 733.18.
"3. The claim which was filed by Plaintiffs, in the Estate of JAMES G. LEYBOURNE, and the filing of this action upon said claim after objection had been made were timely and were sufficient in form to fulfill the requirements of said Claims Statutes.
"4. Upon the payment in full of said indebtedness to the principal creditor, or his successors or assigns, the Plaintiffs will be entitled to reimbursement from the Estate of JAMES G. LEYBOURNE, Deceased, for any of the sums paid by Plaintiffs upon said indebtedness in such amount as is actually paid on said indebtedness by Plaintiffs.
"5. The amount may be no greater than the amount of each installment due times the number of installments unpaid at the time of the death of the said JAMES G. LEYBOURNE (being *223 the sum of Thirty-Nine Thousand Six Hundred Ten Dollars ($39,610.00), plus any sums which may be added as late penalty charges, attorney fees for collection, and the Court costs on foreclosure; and it is further
"ORDERED AND ADJUDGED that jurisdiction of this cause is hereby retained by this Court for the purpose of taxing such costs as may later be approved upon proper Petition therefor."
It is our view that the circuit court committed error when it ignored the "law of the case". The Supreme Court of Florida enunciated this doctrine in McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323, 327, to be:
"By `law of the case' is meant the principle that the questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court, through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed, even though they appear to have been erroneous. [Citations omitted.] Or, as otherwise stated, `whatever is once established between the same parties in the same case continues to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts in the case.' Gee's Adm'r v. Williamson, 1 Port. (Ala.) 313, 27 Am.Dec. 628; 15 R.C.L. p. 959."
This court, in a similar situation reversed the lower court for refusing to follow the opinion of the Supreme Court of Florida after the case had been remanded for further proceedings, stating:
"In the final decree involved here the chancellor chose not to follow and apply the holding in the first suit as reported in 88 So.2d 141, and he chose as being `the best law' a contrary view expressed in a dissenting opinion there. In doing so the chancellor was in error. The decision on the appeal in the earlier case, by the Supreme Court majority, became the judgment of that court, was res judicata as to the factual issues and questions of law there determined, and was binding on the trial judge in this second suit between the same parties involving the same property." [Citations omitted.] City of Miami Beach v. Parking Facilities, Inc., Fla.App. 1960, 120 So.2d 209, 210.
The lower court failed to apply the law, as determined by this court on two previous appeals, involving the same parties and factual situation. In Furlong v. Coral Gables Federal Savings & Loan Ass'n, note 2, supra, the first appeal, this court stated:
"We have considered also the contention of the appellants that the claim filed by them was sufficient to overcome the failure of the mortgagee to file a claim. The claim as filed by the appellants could have no such effect." [Emphasis supplied.] 121 So.2d at 801.
In Furlong v. Leybourne, note 2, supra, the second appeal, this court stated:
"While appellee cannot recover from the estate since it has long been closed for the filing of creditor claims, * * *." 138 So.2d 356.
The statement, above, referred to the widow, and was equally applicable to the children. The estate of the deceased cannot, by our previous decisions, be required to pay any part of the mortgage.
Inasmuch as the issues raised in this appeal have already been disposed of in the two previous appeals to this court, by these parties, we feel that a more extensive discussion of the points in this appeal would serve no useful purpose.
In view of the foregoing, the judgment appealed from is reversed and the cause *224 remanded to the circuit court with instructions to enter final summary judgment for the defendant dismissing the complaint with prejudice.
Reversed with instructions.
NOTES
[1] Under Florida law the homestead property could not be subject to devise but passed to the appellees as the lineal descendants with a life estate to the appellant. §§ 731.27, 731.05(1), Fla. Stat., F.S.A.
[2] The present appeal is the third appearance of some phase of this litigation before this court. For our previous opinions dealing with the litigation between these parties see Furlong v. Leybourne, Fla.App. 1962, 138 So.2d 352; Furlong v. Coral Gables Federal Savings & Loan Ass'n, Fla.App. 1960, 121 So.2d 797.