SWANN, Judge.
This is an appeal from a final judgment awarding damages under an injunction bond. The issues before the court are the validity of the order denying the appellant the right to storage costs for an airplane, and the award of Seven Hundred Dollars as attorney’s fees. There is no reason to *370 burden the opinion with the unnecessary ¡pleadings in the trial court. It is sufficient to point out that an action of replevin was ■originally instituted and that approximately seven days thereafter a petition for injunction alleging the same issues and facts was ■filed by the appellees. An injunction bond ■was obtained by the plaintiff, and on final Rearing an order was entered reciting that .all claims against the appellant were with•drawn.
Subsequent to the final decree a motion was filed by the appellant to assess damages xmder the injunction. The court construed this motion as a complaint under Section 64.16, Florida Statutes, F.S.A., and .a final hearing was held to determine the amount of damages, if any, which were sustained by the appellant as a result of the improvident issuance of the injunction “bond. No motions or answer were filed by ■the surety or the appellee.
The final judgment recited that there was insufficient evidence to award damages to -the appellant for storage costs as a proximate result of the improvident entry of the temporary injunction.
Assuming, arguendo, that the appellant was entitled to the storage costs as .a matter of law, an examination of the record compels us to agree with the learned trial judge that the evidence produced did not prove a certain and definite amount of storage costs for a fixed period of time in ■order to permit the trial judge to intelligently award damages in this matter. See Florida Ventilated Awning Co. v. Dickson, Fla.1953, 67 So.2d 215; Berwick Corp. v. Kleinginna Investment Corp., Fla.App. 1962, 143 So.2d 684.
The temporary injunction simply sought to maintain the status quo during the pendency of the litigation. The trial court denied the appellant’s complaint for attorney’s fees which were predicated upon work done during the entire litigation in the trial court and only awarded attorney’s fees in connection with its efforts to dissolve the temporary injunction. The award was approximately one-half of the attorney’s fees sought by the appellant. Attorney’s fees awarded as damages for a wrongful issuance of an injunction must be restricted to the services rendered as a result of the wrongful issuance of the order. United Bonding Ins. Co. v. Presidential Ins. Co., Fla.App.1963, 155 So.2d 635.
We do not believe that there was error committed by the trial court in this matter. For the reasons above stated, we affirm the decision of the trial court.
Affirmed.