PER CURIAM.
Knight was the landlord and Global Contact Lens, Inc. the tenant of certain business premises. The landlord sought to remove the tenant under §§ 83.21 and 83.251, Fla.Stat., F.S.A., by an action filed in the Dade County Civil Court of Record. The tenant counterclaimed for damages at law. Thereafter, the tenant filed suit in the Circuit Court of Dade County asking for two forms of equitable relief, to-wit: a declaration of the rights between the two parties; and also, an injunction restraining the landlord from prosecuting his action in the Civil Court of Record.
The Circuit Court granted a temporary injunction restraining the landlord from proceeding further with the removal of tenant action in the Civil Court of Record and later, by order dated February 24, 1969 modified said injunction to allow the landlord to proceed, but enjoining enforcement of any judgment which might be rendered in his favor. Knight has taken an interlocutory appeal, contending that the tenant’s complaint did not state a cause of action sufficiently sounding in equity to justify issuance of the injunction. After reviewing the allegations of the tenant’s complaint, we disagree with Knight’s position and affirm the Circuit Court’s equity jurisdiction over the cause.
We also feel that this litigation lends itself well to the maxim that equity, once having taken jurisdiction of a case for one purpose, should retain jurisdiction for all purposes to administer full, complete and final relief including legal remedies. 12 Fla.Jur. Equity §§ 43, 44. Here, the tenant cannot present his equitable counterclaim and set-off in the Civil Court of Record because of the jurisdictional limitations applicable to that court. Nevins Drug Company, Inc. v. Bunch, Fla.1953, 63 So.2d 329. Therefore, it was error for the Circuit Court to enter its order modifying temporary injunction on February 24, 1969, inasmuch as the Circuit Court had jurisdiction to grant complete relief, thereby enabling the cause to be disposed of without a multiplicity of law suits.
Finally, Knight has questioned the Circuit Court’s refusal to order an additional supersedeas bond as to one of these interlocutory appeals. We find no error in this respect.
Affirmed in part; reversed in part.