PER CURIAM.
The appellant, Global Contact Lens, Inc., was the tenant of the appellee, Karl Knight. This appeal is from a final judgment entered after a trial by the court in which the court refused to exercise its equitable power to enjoin the defendant-appellee from removing the plaintiff-appellant from the rented premises for failure to pay rent.[1]
Appellant’s basic contention is that the court should have found that the appellee landlord had himself breached the lease and that therefore the removal for non payment of rent was inequitable. The findings of fact made by the trial court were based upon conflicting testimony. Under such circumstances we will not *10 substitute our judgment for that of the trial court since the question presented is whether the record contains sufficient evidence to support the findings of fact. We have reviewed the record in this light and conclude that error has not been demonstrated upon any of the findings contained in the judgment.
Appellant has presented thirteen points on appeal and 54 assignments of error. We do not think that any great service would be rendered by an item by item discussion. In general the law applicable to the case is contained in Masser v. London Operating Co., 106 Fla. 474, 145 So. 72, 79 (1932)..
Affirmed.

. For a prior appearance of this case see Knight v. Global Contact Lens, Inc., Fla.App.1969, 220 So.2d 693.