254 So.2d 807 (1971)
GLOBAL CONTACT LENS, INC., a Florida Corporation, Appellant,
v.
Karl KNIGHT, Appellee.
No. 71-273.
District Court of Appeal of Florida, Third District.
November 9, 1971.
Rehearing Denied December 14, 1971.
Robert M. Brake, Coral Gables, for appellant.
*808 Paul, Landy, Beiley & Bartel, Miami, for appellee.
Before SWANN, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant Global Contact Lens, Inc., the tenant, and its surety on the injunction bond sued upon, seek review of an adverse final judgment containing extensive findings of fact and awarding damages for the wrongful issuance of a temporary injunction, based upon the bond posted by Global. Appellee Knight, the landlord, sought and obtained recovery on the injunction bond.
When the landlord, Knight, began an eviction suit in the Civil Court of Record, the tenant, Global, sought an injunction in the Circuit Court to restrain the prosecution of the landlord's suit. The temporary injunction was upheld, Knight v. Global Contact Lens, Inc., Fla.App. 1969, 220 So.2d 693. After a hearing on the merits, final judgment was entered for the landlord, and the injunction was dissolved; the judgment was affirmed. Global Contact Lens, Inc. v. Knight, Fla.App. 1970, 231 So.2d 9.
Appellant has presented several points for reversal, and some we have found to be meritorious, and therefore reverse in part and affirm in part. We reverse those portions of the judgment concerning the measure of damages as to lost profits and the award of attorney's fees as an element of damages.
To begin with, the injunction was wrongfully issued. Such conclusion is dictated by the doctrine of the law of the case. See Furlong v. Leybourne, Fla. 1965, 171 So.2d 1, reversing Fla.App. 1964, 161 So.2d 221.
A brief statement as to the damages recoverable on an injunction bond for wrongful issuance of an injunction is as follows:
"The damages recoverable in an action on an injunction bond include all actual damages sustained by reason of the wrongful issuance of the injunction, that is, such damages as are the direct, natural, and proximate result of the injunction. In such actions the general rules governing the measurement of damages ordinarily apply. [Citations omitted.]"
Hyler v. Wheeler, 240 S.C. 386, 126 S.E.2d 173, 175, 95 A.L.R.2d 118 (1962). Since the decision in Wittich v. O'Neal, 1886, 22 Fla. 592, § 60.07, Fla. Stat. 1969, F.S.A. has been enacted, which authorizes the court to assess damages to which a defendant may be entitled under any injunction bond, eliminating the necessity for a separate action at law on the bond if no party has requested a jury trial on damages.
With respect to the matter of damages for the landlord, other than attorney's fees, the trial court found uncontradicted evidence that the tenant, with actual notice of an impending sale of the entire premises by the landlord, but subject to the landlord's being able to deliver the tenant's portion of the premises, knowingly defeated the impending sale by the tenant insisting upon retention of the temporary injunction. The court considered the prospective buyer as ready, willing and able to close, and also evaluated the sales contract. The trial court found the lost profit on the sale to be approximately $37,000.00. Based upon the record, it appears that the trial court computed the damages as follows: Price under the contract of sale (about $186,000.00), less the "book value" of the property (about $149,000.00). The book value was based upon original cost, less depreciation allowed by the United States Internal Revenue Service; that is, the depreciated income tax cost basis. An appraiser testified that the fair market value was approximately $195,000.00 at the time the injunction was dissolved. The tenant would assert that he allowed the landlord to avoid an unprofitable contract; and upon that basis and the landlord's asserted failure to mitigate, the tenant would have this court conclude that the landlord is not entitled to damages. We however, reject such conclusion. *809 The short answer is that a wrongdoer ought not to be allowed to take advantage of his own wrong in respect to nonperformance and thereby relieve himself of liability.
The following statement by the Illinois Appellate Court, in Kolin v. Leitch, 351 Ill. App. 66, 113 N.E.2d 806, 809 (1953), succinctly describes the error of using book value:
"Damages recoverable for wrongful suing out of a writ of injunction must be such as naturally and proximately result therefrom, and remote speculative damages cannot be taken into consideration. Leavitt v. Lusch, 192 Ill. App. 504. The measure of damages is the difference between the fair cash reasonable market value of the items in controversy on the day the injunction was issued and such value on the day it was dissolved. [Citation omitted.]
"It may well be, as plaintiffs argue, that the [school's] furniture and automobile were worth as much or more on the day the injunction was dissolved as on the day the injunction was issued. Defendants proved the book value of these items based on its accounting methods but failed to offer any proof tending to show the fair cash reasonable market values. We are therefore impelled to hold that the trial court erred in allowing the school damages for depreciation on its furniture and automobile."
The Supreme Court of Minnesota, in a 1969 case, is apparently in accord. Josephson v. Fremont Industries, Inc., 282 Minn. 51, 163 N.W.2d 297, 301:
"* * * the trial court instructed the jury that this item [loss on the sale of office and chemical manufacturing equipment] was to be measured by the difference in the equipment's fair market value at the time the wrongful restraint was imposed `compared to the value at the time of sale.' See, Kolin v. Leitch, 351 Ill. App. 66, 113 N.E.2d 806. * * *"
There is some authority indicating a contrary result: Colby v. Meservey, 85 Iowa 555, 52 N.W. 499 (1892).
Josephson v. Fremont Industries, Inc., supra, deals with two other issues related to our decision herein. There, the plaintiff conceded his inability to prove the loss of profits of the new business as a result of the ex parte temporary restraining order, and the defendants argued that the award for rental expense could not be sustained. The court rejected the defendant's argument at p. 302: "Although a recovery of both rental expense and loss of profits during the period of imposed suspended operations [of the chemical business] would be clearly impermissible, we are not convinced that recovery of this item should be denied," under the circumstances there presented. But cf. Florida Transportation Co. v. Dixie Sightseeing Tours, Inc., Fla. App. 1962, 139 So.2d 175. Also, certain out-of-pocket expenses associated with preserving the res may, in appropriate cases, constitute elements of recoverable damages, Josephson v. Fremont Industries, Inc., supra p. 301 n. 3. There is some evidence of out-of-pocket expenses in record herein, but it was apparently considered in relation to the depreciated value of the property.
We conclude the discussion of the problem of damages by stating that: the court erred in computing the loss of profit damages by subtracting the book value from the contract price. We remand the cause for the trial court to determine the fair market value of the premises at the time the wrongful restraint was imposed compared with value of the property the day the injunction was dissolved. Evidence as to reasonable out-of-pocket expenses of the landlord associated with preserving the property during the interim should be admitted and those expenditures may serve as additional element of damages.
Turning to the next issue of attorney's fees, we express the view that the *810 trial court committed reversible error with respect to the assessment of attorney's fees for failure to segregate those services performed in dissolving the injunction and in failing to allow only the reasonable value of such services as an element of damages. The court below, as well as the parties, correctly recognized that certain attorney's fees are recoverable in a proceeding on an injunction bond.
Since the 1886 case of Wittich v. O'Neal, 22 Fla. 592, counsel fees incurred in effecting dissolution of an injunction are an element of damages recoverable on an injunction bond in Florida.
In many states whether or not attorney's fees earned in the trial of the main suit are recoverable depends largely upon whether the temporary injunction is ancillary to the principal relief sought or is the main purpose of the suit itself. "Anno., Attorneys' Fees as Element of Damages Allowable in Action on Injunction Bond," 164 A.L.R. 1088, 1090 (1946).
In Florida, the general rule is that attorney's fees awarded as damages for wrongful issuance of an injunction must be restricted to the services rendered as a result of the wrongful issuance of the order. Aviation Investments, Inc. v. Johanson, Fla.App. 1965, 177 So.2d 369; United Bonding Ins. Co. v. Presidential Ins. Co., Fla.App. 1963, 155 So.2d 635. There is an exception recognized, however, in Roger Dean Chevrolet, Inc. v. Painters, Etc., Local No. 452, Fla.App. 1963, 155 So.2d 422, 425, the court explained:
"We conclude that the dissolution of the temporary injunction, which dissolution was based on the court's determination that it was without jurisdiction of the cause, was a sufficient predicate for the court's subsequent decree awarding the defendants the sum of $525.00, as an allowance for their attorneys' fees incurred by reason of the wrongful issuance of the temporary injunction. The condition of the plaintiff's bond, that the plaintiff pay all costs and damages incurred or suffered by the defendants by reason of the wrongful issuance of the temporary injunction, included reasonable attorneys' fees expended for the purpose of securing the dissolution of the injunction. The amount awarded was restricted to the services rendered for that purpose, even though the means employed resulted in a judicial determination that the court did not even have jurisdiction of the cause. Under such circumstances, the rule requiring segregation of the services for procuring the dissolution from the services rendered in defense of the main case was not applicable, because the means employed, without further or additional services, accomplished both results simultaneously."
We have carefully reviewed the record and evaluated it in the light of the cases cited above, and have considered the briefs and arguments of counsel. We have concluded that the instant case does not fall within the exception, but comes within the general rule requiring that separation of attorney's services rendered as a result of the wrongful issuance of the temporary injunction, and allowance should be made for only the attorney's fees attributable to those services.
Affirmed in part and reversed in part and remanded.