319 So.2d 622 (1975)
Karl KNIGHT and Belva Knight, His Wife, Appellants,
v.
GLOBAL CONTACT LENS, INC., Appellee.
No. 74-1256.
District Court of Appeal of Florida, Third District.
September 9, 1975.
Rehearing Denied October 29, 1975.
Noriega & Bartel, Miami, for appellants.
Robert M. Brake, Coral Gables, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This appeal arises out of a landlord-tenant dispute which has been before this court on other occasions. Global Contact Lens, Inc. v. Knight, Fla.App. 1971, 254 So.2d 807, and Global Contact Lens, Inc. v. Knight, Fla.App. 1970, 231 So.2d 9. In the earlier stages of the case, it was determined that appellant Karl Knight, landlord and defendant in the trial court, was lawfully entitled to the possession of his property occupied by Global Contact Lens, Inc., as tenant, and that Global had wrongfully obtained a temporary injunction to prevent an ouster by the landlord. This court, in its most recent ruling, remanded the case to the trial court for an adjustment of the damages awarded. Global Contact Lens, Inc. v. Knight, Fla.App. 1971, 254 So.2d 807, 810. On remand, a final judgment on costs and damages was entered by the trial court. It is from this judgment, dated July 30, 1974, that appellant brings this appeal.
We have considered the record, the numerous points of law and contentions in *623 the briefs, and the arguments of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated, except as follows:
First, we find that it was error to include appellant Belva Knight as a co-defendant in the order of final judgment on costs and damages. A review of the record before us shows that Belva Knight was never served with summons or other process and that she was never properly added as a party to the cause. Before a final judgment for damages may be rendered against an individual, it is basic that in personam jurisdiction must be obtained. Without in personam jurisdiction, the trial court lacked authority to include appellant, Belva Knight in the final judgment on costs and damages. T.J.K. v. N.B., Fla.App. 1970, 237 So.2d 592; and Fidelity-Philadelphia Trust Company v. Ball, Fla.App. 1968, 208 So.2d 282. Therefore, this portion of said order is reversed.
Secondly, we find that it was error for the trial court not to include any award of attorney's fees as an element of damages suffered by appellant, Karl Knight. This court has previously concluded that an injunction was wrongfully issued against said appellant (by affirming a decision of the trial court that an injunction was improper) and said conclusion became the law of this case. Global Contact Lens, Inc. v. Knight, Fla.App. 1971, 254 So.2d 807, 808; Global Contact Lens, Inc. v. Knight, Fla.App. 1970, 231 So.2d 9; and Leybourne v. Furlong, Fla.App. 1964, 161 So.2d 221. In Florida, it is clear that damages recoverable as a result of the wrongful issuance of an injunction include attorney's fees. Global Contact Lens, Inc. v. Knight, Fla.App. 1971, 254 So.2d 807; Aviation Investments, Inc. v. Johnason, Fla.App. 1965, 177 So.2d 369; and United Bonding Insurance Company of Indianapolis v. Presidential Insurance Company, Fla.App. 1963, 155 So.2d 635. In the instant appeal, the record reflects that substantial uncontradicted sworn testimony shows that appellant, Karl Knight, suffered damages for attorney's fees attributable to the wrongfully issued injunction. This court has previously remanded the cause to the trial court for a separation and determination of the amount of such attorney's fees. Global Contact Lens, Inc. v. Knight, Fla.App. 1971, 254 So.2d 807, 810. Therefore, to the extent that the final judgment on costs and damages did not allow attorney's fees as an element of damages, this cause is remanded for reconsideration by the trial court not inconsistent with the views expressed herein and in Global Contact Lens, Inc. v. Knight, Fla. App. 1971, 254 So.2d 807.
Affirmed in part, reversed in part and remanded.