KEHOE, Judge.
Appellants, plaintiffs below, bring this interlocutory appeal from an order entered by the trial court dated March 21, 1977, awarding appellee, Associated Doctors’ Hospital, defendant below, its costs and attorneys’ fees incurred in removing a receiver originally appointed pursuant to appellants’ motion. We have concluded that the award of costs was appropriate, but that the award of attorneys’ fees was in error. Accordingly, the order appealed is affirmed in part and reversed in part.
In the instant case, the receiver was removed and the receivership dissolved pursuant to our mandate issued in Recarey v. Rader, 320 So.2d 28 (Fla.3d DCA 1975). Thereafter, appellee Associated Doctors’ Hospital filed a motion seeking to collect its costs and attorneys’ fees expended in obtaining the removal of the receiver and the dissolution of the receivership. The motion was granted by the trial court and it entered an order adjudging that appellants were responsible for the payment of the costs and attorneys’ fees. From this order, appellants appeal.
Appellants’ basic contention on appeal is that the trial court erred in assessing such charges against them because they were required to post no bond in the cause.
The rule in Florida is well established that attorneys’ fees cannot be charged against a party in litigation unless there is statutory authority to do so or the party is bound for their payment by contract. Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892 (Fla.1938); and Hoffman v. Barlly, 97 So.2d 355 (Fla.3d DCA 1957). In the instant case, no statutory authority has been shown for awarding appellee Associated Doctors’ Hospital its attorneys’ fees for successfully obtaining the discharge of the receiver and the dissolution of the receivership. Further, the record is devoid of a showing of any contractual obligation between the parties which would support such an award. If the trial court had required appellants to post a plaintiffs’ bond, the bond could have formed the basis of a contract for the award of attorneys’ fees. See Belk’s Department Store, Miami, Inc., v. Scherman, 117 So.2d 845 (Fla.3d DCA 1960). However, the trial court’s order did not require that appellants post such a bond as a condition for the appointment of the receiver. The order only required that the receiver post a receiver’s *552 bond conditioned on the good and faithful performance of his duties as receiver.
Because, we have determined under the facts of this case, that there was no statutory authority or contractual obligation permitting the trial court to assess attorneys’ fees against appellants, that portion of the order appealed assessing attorneys’ fees against appellants is reversed. However, we have concluded that costs were properly assessed against appellants, therefore, that portion of the order appealed is affirmed.
Affirmed in part, reversed in part.