PER CURIAM.
Intertrack Transportation, Inc., Hialeah Park, Inc., and Gulfstream Park Racing Association, defendants below, appeal from an order granting the motion of appellee B & G Horse Transportation, Inc. for a judgment on the pleadings and determining that appellants were not entitled to recovery of damages on an injunction bond for the wrongful issuance of a temporary injunction.
B & G Horse Transportation is certified to transport horses pursuant to Section 323.03, Florida Statutes (1977). Intertrack Transportation was formed by appellants Hialeah Park and Gulfstream Park to transport horses between the Hialeah and Gulfstream tracks. Because Intertrack had not filed for a certificate of public convenience and necessity required by Section 323.03, Florida Statutes (1977), B & G moved for declaratory relief and a temporary injunction enjoining appellants from providing intertrack transportation. In Hialeah, Inc. v. B & G Horse Transportation, Inc., 368 So.2d 930 (Fla. 3d DCA 1979), this court reversed the order of temporary injunction as an invalid prior restraint where Intertrack had not actually operated a vehicle in violation of Chapter 323, Florida Statutes (1977). Appellants then filed a *1060 motion for an evidentiary hearing to fix damages and attorney’s fees. The hearing was deferred until after a final hearing on the merits of B & G’s complaint. In a final summary judgment entered on B & G’s complaint, the trial court declared that if Intertrack were to engage in transportation of race horses between Hialeah and Gulf-stream, it would be a motor carrier as defined in Section 323.01(7), Florida Statutes (1977), engaged directly in compensation for hire and would be required to obtain a certificate of public convenience and necessity before it could operate. The damage issue was then reset for trial and upon a motion for judgment on the pleadings filed by B & G, the trial court held that none of the appellants were entitled to recover damages or attorney’s fees. The court specifically found that the temporary injunction was not dissolved on the merits and that the injunction was not wrongfully issued, but that the defendants below were restrained from doing acts which the law prohibited.
We reverse the trial court and find that the temporary injunction was wrongfully issued as to all appellants. The Public Service Commission subsequently found Hialeah Park, Inc. and Gulfstream Park Racing Association, Inc. had the right to van horses using their own employees and own equipment between the parks without a certificate or permit. Regardless of the intent of the complaint or of the final order, the actual wording and legal effect of the order of temporary injunction restrained not only Intertrack but also Hialeah and Gulfstream. The trial court made no finding that the vanning of horses by Hialeah or Gulfstream would be in any way prohibited or unlawful. We, therefore, reverse and remand as to Hialeah and Gulf-stream for a determination of attorney’s fees and damages.
As to appellant Intertrack Transportation, Inc., we also find that the injunction was wrongfully issued. Here, unlike the case of Penner v. Y. M. C. A., 20 Fla.Supp. 106 (Fla. 11th Cir.Ct.1962) cited by appellees, the injunction was determined to be wrongfully issued as an invalid prior restraint.[1] Intertrack had a right to plan the action, although it had no right to actually transport horses in an illegal manner. Hialeah, Inc., supra. This clearly is a decision on the merits of the validity of the temporary injunction. Accordingly, we find that the temporary injunction was wrongfully issued as to appellant Intertrack and that as an element of damages, Inter-track is entitled to an award of attorney’s fees for the wrongfully issued injunction. See, e. g., Wittich v. O’Neal, 22 Fla. 592 (1886), Global Contact Lens, Inc. v. Knight, 254 So.2d 807, 810 (Fla. 3d DCA 1971).
Reversed and remanded for further proceedings consistent with this opinion.

. We note that the court in Penner, supra at 110, recognized that an injunction may be wrongfully issued even when a person is restrained from doing that which he had no legal right to do. Examples of this are cases where there is an invalid prior restraint, as in this case.