430 So.2d 975 (1983)
CALDER RACE COURSE, INC., Appellant,
v.
Frank GAITAN, Appellee.
No. 82-636.
District Court of Appeal of Florida, Third District.
May 10, 1983.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Lee H. Schillinger, Coral Gables, and Keith A. Schafer, Davie, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
This appeal arises from an order denying appellant's motion for costs and attorneys' fees after its successful dissolution of a temporary injunction. We affirm the trial *976 court's ruling on attorneys' fees and reverse the ruling on costs.
Appellee, a horse trainer, filed suit against appellant in 1980 demanding, inter alia, an order enjoining appellant from denying him stall spaces at the race course for his horses for that racing season. He also demanded damages for past refusals to give him stall space. A temporary injunction was granted, conditioned upon appellee's posting of an injunction bond. Calder appealed the temporary injunction. A panel of this court reversed the injunction, finding that Calder Race Course was not so regulated by the State of Florida so as to render it a public corporation subject to judicial scrutiny of its discriminatory practices. This court ordered the injunction dissolved and the complaint dismissed.[1]
Appellant argues that damages should be awarded when a party successfully obtains the dissolution of a temporary injunction. However, the award of damages after dissolution of a wrongfully issued injunction is controlled by section 60.07, Florida Statutes (1979). That section states:
In injunction actions, on dissolution, the court may hear evidence and assess damages to which a defendant may be entitled under any injunction bond, eliminating the necessity for an action on the injunction bond if no party has requested a jury trial on damages.
Appellee's complaint clearly stated a demand for a jury trial on the issue of compensatory and punitive damages for appellant's past refusals to give him stall space. Therefore, appellant is required to institute a separate action at law on the injunction bond before damages may be assessed for the wrongful issuance of the temporary injunction. Lane v. Clein, 151 So.2d 677 (Fla. 3d DCA 1963). See generally Rader v. Recarey, 352 So.2d 550 (Fla. 3d DCA 1977); Hoffman v. Barlly, 97 So.2d 355, 356 n. 1 (Fla. 3d DCA 1957) (referring to section 64.16, Florida Statutes, predecessor to 60.07).
Once a separate action at law on the injunction bond is instituted, damages may be assessed and attorneys' fees are an element of the damages. Intertrack Transportation, Inc. v. B & G Horse Transportation, Inc., 403 So.2d 1058 (Fla. 3d DCA 1981); Knight v. Global Contact Lens, Inc., 319 So.2d 622 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 1182 (Fla. 1976); Carpenters District Council of Jacksonville v. Waybright, 282 So.2d 193 (Fla. 1st DCA 1973); Global Contact Lens, Inc. v. Knight, 254 So.2d 807 (Fla. 3d DCA 1971), cert. denied, 260 So.2d 520 (Fla. 1972); Aviation Investments, Inc. v. Johanson, 177 So.2d 369 (Fla. 3d DCA 1965); Seven-Up Bottling Co. of Miami, Inc. v. George Construction Corp., 166 So.2d 155 (Fla. 3d DCA 1964); United Bonding Insurance Co. v. Presidential Insurance Co., 155 So.2d 635 (Fla. 2d DCA 1963); Roger Dean Chevrolet, Inc. v. Painters, Decorators & Paper Hangers of America, Local 452, 155 So.2d 422 (Fla. 2d DCA 1963). Only those attorneys' fees related directly to the dissolving of the injunction are allowed. Global Contact Lens v. Knight, supra; Aviation Investments v. Johanson, supra; Seven-Up Bottling v. George Construction, supra; United Bonding Insurance v. Presidential Insurance, supra; Dean Chevrolet v. Painters, supra.
Based on the foregoing authorities, the trial court's denial of appellant's motion for assessment of damages relating to attorneys' fees was eminently correct. That portion of the order is affirmed without prejudice to the appellant to institute a separate action against the appellee on the injunction bond.
Appellant's second point on appeal concerns the denial of its request for costs to be taxed against the appellee. The general rule is that costs follow the results of the litigation, but in equity this rule may be departed from according to the circumstances. Schwartz v. Zaconick, 74 So.2d 108 (Fla. 1954); Wilhelm v. Adams, 102 Fla. 669, 136 So. 397 (1931); Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA *977 1980); Flagala Corp. v. Hamm, 302 So.2d 195 (Fla. 1st DCA 1974). In Foley v. Peckham, 256 So.2d 65 (Fla. 3d DCA 1971), this court stated:
However, in an equity case the general rule that costs follow the judgment should not be departed from unless there are circumstances presented therein which render it unjust that the costs should be charged against the losing party.
Id. at 67. We will follow the general rule absent a showing that exigent circumstances require charging the costs to the prevailing party. Therefore, that portion of the trial court's order denying appellant's motion for costs is reversed.
Affirmed in part and reversed in part.
NOTES
[1] Calder Race Course, Inc. v. Gaitan, 393 So.2d 15 (Fla. 3d DCA 1980).